# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LELYNE EDENS AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CALEB MICHAEL JOYNER, DECEASED, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Court No.: ) |
| OLIGHT USA, BATTERIES PLUS HOLDING CORPORATION, & ASCENT BATTERY SUPPLY, LLC. | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, Lelyne Edans as Special Administrator of the Estate of Caleb Michael Joyner, deceased, by and through the Law Offices of Robert A. Montgomery, and here by complain of the Defendant's and each of them, pleading hypothetically and in the alternative, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Honorable Court has original jurisdiction over this action under *28 U.S.C. ''1331* and *1332,* resulting from the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

2. This Honorable Court has proper venue over this matter under *28 U.S.C. '1391(b)*, resulting from the complained of incident causing death occurring within Kankakee County, Illinois, which is located within this Judicial District.

## THE PARTIES

3. Plaintiff, LeLyne D. Edens, is a citizen of the State of Indiana and County of Hendricks.

4. Prior to his death, and on the date of the occurrence giving rise to this lawsuit, Caleb Michael Joyner, was a citizen of the State of Indiana whose death occurred as a result of an incident that took place in the State of Illinois, County of Kankakee, which is located within this Judicial District.

5. Defendant, Olight USA, is a corporation, incorporated in the State of Georgia with its principal place of business at 2150 NW Parkway SE, Marietta, Georgia 30067.

6. Defendant, Batteries Plus Holding Corporation, is a corporation, incorporated in the State of Georgia with its principal place of business at 1180 Peachtree Street, Atlanta, Georgia, 30309.

7. Defendant, Ascent Battery Supply, LLC, is a corporation, incorporated in the State of Wisconsin with its principal place of business at 1325 Walnut Ridge Drive, Hartland, Wisconsin 53029.

## ALLEGATIONS

8. The Olight T20 New Tactical 380 Lumen XP-G2 LED Flashlight (hereinafter the "Olight flashlight") is a handheld flashlight which measures approximately 5 x 0.8 x 0.8 inches and weighs approximately 2.08 ounces.

9. The Olight flashlight requires two lithium metal batteries in order to operate.

10. Prior to the incident at issue, the Olight flashlight was sold online at Amazon.com and other online retailers.

11. Mr. Joyner owned and used the above-described Olight flashlight model for

several years.

12. Mr. Joyner's Olight flashlight was powered by two Nuon brand batteries manufactured and sold by Batteries Plus.

13. On the evening of November 6, 2017, Mr. Joyner pulled into the parking lot of Lowe's home improvement store in Bradley, Illinois to inspect his vehicle for possible problems.

14. Mr. Joyner began inspecting his vehicle underneath the automobile's hood and subsequently placed his Olight Flashlight in his mouth.

15. Shortly thereafter, the Nuon batteries inside the Olight Flashlight exploded in Mr. Joyner's mouth, causing the flashlight to become lodged in the back of his throat.

16. The explosion caused fatal injuries which led to Mr. Joyner's death at approximately 8:30 p.m. on November 8, 2017.

17. Had the Nuon battery inside the Olight Flashlight used by Caleb Michael Joyner not exploded, Caleb Michael Joyner would not have received fatal injuries and would not suffered a wrongful death.

18. As a proximate result of one or more of the below mentioned negligent acts and/or omissions of the Defendant, Caleb Michael Joyner received fatal injuries ultimately resulting in his death.

19. As a direct and proximate result of the wrongful acts or omissions of the Defendants, as below mentioned allegations, Caleb Michael Joyner has been caused to suffer pain, disfigurement, and death. He became indebted and liable for medical and hospital expenses all due to the negligence of the Defendants. Additionally, the Defendants' negligence resulted in Caleb Michael Joyner's wrongful death.

20. That by reason of the premises, and as a direct and proximate result of the foregoing misconduct of the Defendant, The Estate of Caleb Michael Joyner became liable for sums of money for medical care and hospital care and attention in endeavoring to be cured of the injuries caused by said occurrence and funeral expenses.

21. LeLyne Edens, as Special Administrator of the Estate of Caleb Michael Joyner, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1, *et seq*.

22. That Plaintiff, LeLyne Edens, in capacity as Special Administrator of The Estate of Caleb Michael Joyner, deceased, brings this cause of action to recover for the wrongful death of Caleb Michael Joyner which includes loss of society, service, love affection and companionship sustained by Caleb Michael Joyner's children and natural heirs as a result of Caleb Michael Joyner's death, and funeral expenses and costs of the administration and attorney fees.

23. That the Estate of Caleb Michael Joyner's heirs and next-of-kin suffered pecuniary losses and loss of society, support, compassion, affection and companionship as a result of the wrongful death of Estate of Caleb Michael Joyner.

**FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
**NEGLIGENCE**

1-23. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 23 of the Complaint with the same force and effect as if more fully set forth herein.

24. Defendants, Olight USA, Batteries Plus Holding Corporation, and Ascent Battery Supply, LLC (hereafter collectively referred to as "Defendants"), owed a duty to design, manufacture, label, market, distribute, and supply and/or sell a product like the

Olight Flashlight and Nuon batteries in such a way as to avoid harm to persons upon whom it was used, including Caleb Michael Joyner or to refrain from such activities following knowledge and/or constructive knowledge that such product is harmful to persons upon whom it is used.

25. Defendants owed a duty to warn of the hazards and dangers associated with the use of its product, the Olight Flashlight and Nuon batteries, for consumers such as plaintiff herein, so as to avoid harm.

26. Defendants, acting by and through their authorized divisions, subsidiaries, agents, servants, and employees, were guilty of carelessness, recklessness, negligence, gross negligence and willful, wanton outrageous and reckless disregard for human life and safety in manufacturing, designing, labeling, marketing distributing, supplying and/or selling and/or placing into the stream of commerce, battery products, including the Olight flashlight Nuon batteries, both generally, and in the following particular respects:

   a. Failing to conduct adequate and appropriate testing of consumer battery products, specifically including, but not limited to, flashlights and battery products used to power flashlights;

   b. Putting flashlight and battery products on the market without first conducting adequate testing to determine possible hazards;

   c. Putting flashlight and battery products on the market without adequate testing of their dangers to humans;

   d. Failing to recognize the significance of their own and other testing of, and information regarding, flashlight and battery products, which testing evidenced such products potential harm to humans;

   e. Failing to respond promptly and appropriately to their own and other testing of, and information regarding flashlight and battery products, which indicated such products potential harm to human;

   f. Failing to promptly and adequately warn of the potential of the flashlight and battery products to be harmful to humans;

g. Failing to properly, appropriately, and adequately monitor the post-market performance of flashlight and battery products and such products' effects on consumers;

h. Concealing from the public their full knowledge and experience regarding the potential that battery products are harmful to humans;

i. Promoting, marketing, advertising and/or selling flashlight and battery products for use by consumers given their knowledge and experience of such products' potential harmful effects;

j. Failing to withdraw flashlight and battery products from the market, restrict their use and/or warn of such products' potential dangers, given their knowledge of the potential for its harm to humans;

k. Failing to fulfill the standard of care required of a reasonable, prudent, manufacturer and distributor of flashlight and battery products;

l. Placing and/or permitting the placement of the flashlight and battery products into the stream of commerce without warnings of the potential for said products to be harmful to humans and/or without properly warning of said products' dangerousness;

m. Failing to disclose to the public in an appropriate and timely manner, facts relative to the potential of the flashlight and battery products to be harmful to humans;

n. Disregarding the safety of users and consumers of flashlight and battery products, including plaintiff herein, under the circumstances by failing adequately to warn of said products' potential harm to humans;

o. Disregarding the safety of users and consumers flashlight and battery products, including plaintiff herein, under the circumstances by failing to withdraw said products from the market and/or restrict their usage;

p. Disregarding publicity, government and/or industry studies, information, documentation and recommendations, consumer complaints and reports and/or other information regarding the hazards of the flashlight and battery products and their potential harm to humans;

q. Failing to exercise reasonable care in informing consumers regarding the flashlight and battery products about their own knowledge regarding said products' potential harm to humans;

    r.      Failing to remove flashlight and battery products from the stream of commerce;

    s.      Failing to test flashlight and battery products properly and/or adequately so as to determine its safety for use;

    t.      Promoting the flashlight and battery products as safe and/or safer than other comparative battery products;

    u.      Promoting the flashlight and battery products on websites aimed at creating user and consumer demand;

    v.      Failing to conduct and/or respond to post-marketing surveillance of complications and injuries; and

    w.      Failing to use due care under the circumstances.

27.    Due to the aforesaid acts omissions, and condition of the Olight flashlight and Nuon batteries used by Caleb Michael Joyner, Defendants are liable to Plaintiff for the forgoing injuries, loses and damages.

28.    As a direct and proximate result of the negligent and/or reckless and/or wanton acts and/or omissions of Defendants.

29    By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorney's fees and all such other and further relief as the Court deems proper.

### SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN)

1-29.    Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 29 of the Complaint with the same force and effect as if more fully set forth herein.

30.    Defendants' Olight flashlight and Nuon batteries were expected to, and did,

reach the intended consumers, handlers, and persons coming into contact with the product without substantial change in the condition in which they were researched, designed developed, tested, manufactured, packaged, labeled, marketed, advertised, promoted, distributed, sold and/or made available by Defendants.

31. Defendants' Olight flashlight and Nuon batteries were defective in design or formulation in that they were not reasonably fit, suitable or safe for their intended purpose and/or their foreseeable risks exceed the benefits associated with their design.

32. Defendants' Olight flashlight and Nuon batteries were defective in design or formulation in that they lacked efficacy, posted a greater likelihood of injury and were more dangerous than other available surgical treatment options indicated for the same conditions and uses, including those discussed above.

33. Defendants' Olight flashlight and Nuon batteries were defective in design or formulation in that when they left the hands of the manufacturers and/or suppliers, the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design, including those discussed above, which had more established safety profiles and a considerably lower risks, or by the provision of reasonable instructions or warnings.

34. Defendants' Olight flashlight and Nuon batteries, as designed, posed a substantial and avoidable likelihood of harm and it was feasible to design said products in a safer manner.

35. Defendants' Olight flashlight and Nuon batteries were defective in design or formulation in that the dangers associated with their use were unknowable and unacceptable to the average or ordinary consumer.

36. Defendants' Olight flashlight and Nuon batteries failed to comply with state and federal standards when sold.

37. At the time of Caleb Michael Joyner's death, the Olight flashlight and Nuon batteries were being used for its advertised and intended purpose, and in the manner Defendants intended.

38. As a foreseeable, direct, and proximate result of the aforementioned wrongful acts and omissions of Defendants, Plaintiff was caused to suffer from the aforementioned injuries and damages.

39. Due to the aforesaid condition of the Olight flashlight and Nuon batteries used by Caleb Michael Joyner, Defendants are strictly liable to Plaintiff.

40. As a direct and proximate result of the negligent and/or reckless and/or wanton acts and/or omissions of Defendants, Caleb Michael Joyner suffered serious physical injury, death, and economic loss and harm.

41. By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorneys' fees and all such other and further relief as the Court deems proper.

### THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (STRICT PRODUCTS LIABILITY - FAILURE TO WARN)

1-41. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 41 of the Complaint with the same force and effect as if more fully set forth herein..

42. Defendants were under an ongoing duty to keep abreast of known or knowable information related to their products and to advise consumers of these risks in a

timely manner to ensure the safe use of their product.

43. Defendants failed to adequately warn consumers and the public, including Caleb Michael Joyner, of the following risks associated with the use of their Olight flashlight and Nuon batteries.

44. Defendants' failure to adequately warn Caleb Michael Joyner of the risks associated with the Olight flashlight and Nuon batteries prevented Caleb Michael Joyner from correctly and fully evaluating the risks and benefits of using the Defendants' devices and products.

45. Had Defendants timely and adequately warned of the risks of the Olight flashlight and Nuon batteries used by Caleb Michael Joyner, such warnings would have been heeded by Caleb Michael Joyner, in that Caleb Michael Joyner would have changed the manner in which he used or selected the Olight flashlight and Nuon batteries, including but not limited to, not using the Olight flashlight and Nuon batteries and/or selecting alternative and safer products.

46. If Caleb Michael Joyner had been adequately warned of the risks of the use of Olight flashlight and Nuon batteries, as stated herein, he would have chosen an alternative product, one that did not carry the avoidable risks of explosion and, therefore, would have avoided the fatal injuries described herein.

47. Defendants' failure to adequately warn about the risk of their Olight flashlight and Nuon batteries was a substantial and contributing factor in causing Caleb Michael Joyner injuries.

48. As a direct and proximate result of the negligent and/or reckless and/or wanton acts and/or omissions of Defendants, Caleb Michael Joyner suffered serious

physical injury, death, and economic loss and harm.

49. By reason and foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorneys' fees and all such other and further relief as the Court deems proper.

**FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
**(BREACH OF EXPRESS WARRANTY)**

1-49. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 49 of the Complaint with the same force and effect as if more fully set forth herein..

50. In the advertising and marketing of the flashlight and battery products, which was directed to consumers, Defendants warranted that said product or products, were safe for the use, which had the natural tendency to induce consumers to use the same consumers to want to use the same.

51. The aforesaid warranties were breached by Defendants in that the flashlight and battery products constituted a serious danger to the user.

52. As a direct and proximate result of the negligent and/or reckless and/or wanton acts and omissions of Defendants, Plaintiff suffered serious physical injury, death, and economic loss and harm.

53. By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorneys' fees and all such other and further as the Court deems proper.

**FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

**BREACH OF IMPLIED WARRANTY**

1-53.   Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 53 of the Complaint with the same force and effect as if more fully set forth herein..

54.   At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, and sold the foregoing flashlight and battery products.

55.   At all relevant times, Defendants intended that the flashlight and battery products be used in the manner that the Plaintiff in fact used it and Defendants impliedly warranted the product to be of merchantable quality, safe and fit for such use, and was adequately tested.

56.   Defendants breached various implied warranties with respect to the flashlight and battery products, including:

   a.   Defendants represented through their labeling, advertising, marketing materials, publications, notice letters, and regulatory submissions that the flashlight and battery products were safe, and withheld and concealed information about the substantial risks of serious injury and/or death associated with using the flashlight and battery products;

   b.   Defendant represented that the flashlight and battery products were as safe and/or safer than other alternative flashlights and batteries, and concealed information, which demonstrated that said products were not safer than alternatives available on the market; and,

   c.   Defendants represented that the flashlight and battery products were more efficacious than other alternative flashlights and batteries, and concealed information regarding the true efficacy of said products.

57.   In reliance upon Defendants' implied warranty, Caleb Michael Joyner used said products as prescribed and in the foreseeable manner normally intended,

recommended, promoted, instructed, and marketed by Defendants.

58. Defendants breached their implied warranty to Caleb Michael Joyner in that said flashlight and battery products were not of merchantable quality, safe and fit for their intended use, or adequately tested.

59. As a direct and proximate result of the negligent and/or reckless and/or wanton acts and/or omissions of Defendants, Caleb Michael Joyner suffered serious physical injury, death, and economic loss and harm.

60. By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorneys' fees and all such other and further relief as the Court deems proper.

### SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (FRAUDULENT MISREPRESENTATION)

1-60. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 60 of the Complaint with the same force and effect as if more fully set forth herein..

61. Defendants, having undertaken the design, formulation, testing, manufacture, marketing, sale, and distribution of flashlight devices and batteries for consumer use, owed a duty to provide accurate and complete information regarding said devices.

62. Prior to Caleb Michael Joyner's purchase and use of the Olight flashlight device and Nuon batteries, Defendants fraudulently misrepresented that the use of their flashlight and battery products were safe and effective.

63. Defendants had a duty to provide Caleb Michael Joyner and other consumers with true and accurate information regarding the Olight flashlight device and Nuon batteries

they manufactured, marketed, distributed and sold.

64. Defendants made representations and failed to disclose material facts with the intent to induce consumers, including Caleb Michael Joyner, and the public to act in reliance by purchasing and using the Olight flashlight device and Nuon batteries sold by Defendants.

65. Caleb Michael Joyner and the public justifiably relied on Defendants' representations and omissions by purchasing and using the Olight flashlight device and Nuon batteries.

66. Defendants' representations and omissions regarding use of its Olight flashlight device and Nuon batteries were a direct and proximate cause of Caleb Michael Joyner's injuries.

67. As a direct and proximate result of the fraud of Defendants, Caleb Michael Joyner suffered serious physical injury, death, and economic loss and harm.

68. By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorneys' fees and all such other and further relief as the Court deems proper.

**SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

(Violation of the Illinois Consumer Fraud and Deceptive Business Practice Act)

1-68. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 68 of the Complaint with the same force and effect as if more fully set forth herein.

69. At all times relevant, the Illinois Consumer Fraud & Deceptive Practices Act,

815 ILCS 505/1 et seq., (hereinafter "ICFA") prohibits "the use of any deception, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omissions of any material fact . . . in the conduct or any trade of commerce" and declares such acts or practices as unlawful.

70. By engaging in the conduct described above, the Defendants have violated the ICFA by, among other things:

  a. Engaging in unfair or deceptive trade practices as defined in the statute by making false and misleading oral and written statements that had, and have the capacity, tendency, or effect of deceiving or misleading consumers;

  b. Engaging in unfair or deceptive trade practices as defined in the stature by failing to state material facts, the omission of which deceived or tended to deceive – both the public, generally, and Caleb Michael Joyner, specifically – including, but not limited to, facts relating to the health consequences of the use of the Olight flashlight device and Nuon batteries ; and

  c. Engaging in unfair or deceptive trade as defined in the statute by promoting the Olight flashlight device and Nuon batteries as safe and effective by knowingly and falsely representing that their Olight flashlight device and Nuon batteries were fit to be used for the purpose for which they were intended, when in fact said devices were defective and dangerous.

71. As a direct and proximate result of the Defendants' conduct in violation of the ICFA, Caleb Michael Joyner suffered injuries, death, and economic loss. Had Defendants not engaged in the deceptive conduct described herein, Caleb Michael Joyner would not have purchased and/or paid for the Olight flashlight device and Nuon batteries that he used and would not have incurred related medical costs and injury.

72. At all material times, the Defendants actually knew of the defective nature of Olight flashlight device and Nuon batteries as set forth herein, and blatantly continued to make false and/or misleading promotions, advertising, representations, and statements

regarding the Olight flashlight device and Nuon batteries so as to maximize sales and profits at the expense of public health and safety, and they exhibited such an entire want to care as to establish that their actions were a result of fraud, actual malice and the conclusions and deliberate disregard of foreseeable harm to Caleb Michael Joyner, thereby entitling Plaintiff to punitive damages. At all material time, Defendants used and employed the above stated unfair and deceptive methods, acts, and practices willfully and knowingly in violation of the IFCA and that Plaintiff is therefore entitled to damages.

73. As a direct and proximate result of the defective and unreasonably dangerous condition of the Olight flashlight device and Nuon batteries, Caleb Michael Joyner was injured in and about his body, suffered pain therefrom, incurred medical and released expenses in the treatment of his injuries, sustained permanent injuries with a reasonable degree of medical probability, and/or suffered permanent loss of an important bodily function, suffered permanent impairment of the capacity for the enjoyment of life as a result of the wrongful acts of Defendants.

74. Plaintiff demands judgment against the Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (LOSS OF CONSORTIUM)

1-74. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 74 of the Complaint with the same force and effect as if more fully set forth herein..

75. LeLyne Edens is the natural mother of Caleb Michael Joyner's heirs, and as such, is entitled to the comfort, enjoyment, society and services of Caleb Michael Joyner.

76. As a direct and proximate result of the foregoing, Plaintiff, LeLyne Edens, was deprived of the comfort and enjoyment of the services and society of Caleb Michael Joyner, and has suffered and will continue to suffer economic loss and has otherwise been emotionally and economically injured.

77. That LeLyne Edens's injuries and damages are permanent and will continue into the future for her lifetime.

78. By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages as well as for punitive damages, attorneys' fees and all such other and further relief as the Court deems proper.

### NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (PUNITIVE DAMAGES)

1-78. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing paragraphs 1 through 78 of the Complaint with the same force and effect as if more fully set forth herein.

79. At all material times, the Defendants actually knew of the defective nature of the Olight flashlight device and Nuon batteries as set forth herein, and blatantly continued to make false and/or misleading promotions, advertising, representations, and statements regarding the Olight flashlight device and Nuon batteries so as to maximize sales and profits as the expense of public health and safety, and they exhibited such an entire want of care as to establish that their actions were a result of fraud, actual malice and the conscious and deliberate disregard of foreseeable harm Caleb Michael Joyner, thereby entitling Plaintiff to punitive damages.

80. The conduct of Defendants, as set forth herein, above was intentional, willful,

wanton, oppressive, malicious, and reckless, evidencing such an entire want of care as to raise the presumption of a conscious indifference to the consequences in that Defendants acted only out of self-interest and personal gain. Such conduct evidences a specific intent to cause harm to Caleb Michael Joyner as provided. Accordingly, punitive damages should be imposed against Defendants, to punish and deter each Defendant from repeating or continuing such unlawful conduct.

## PRAYER FOR RELIEF

81. Awarding compensatory damages against each Defendant in excess of $75,000.00 to Plaintiff for past and future damages, including, but not limited to, pain and suffering for fatal injuries sustained by Caleb Michael Joyner, past health care costs, funeral expenses, according to proof, together with interest and costs as provided by law;

82. Awarding compensatory damages to Plaintiff, LeLyne Edens, for past and future damages for loss of consortium, according to proof;

83. Punitive and/or exemplary damages for the malicious, wanton, willful, oppressive, and reckless acts of the Defendants who demonstrated a reckless indifference to the rights and safety of the general public and to Caleb Michael Joyner in an amount sufficient to punish Defendants and deter future similar conduct;

84. Awarding Plaintiff's attorney's fees;

85. Awarding Plaintiff the costs of these proceedings; and

86. Such other and further relief as this Court deems just and proper.

Wherefore, the Plaintiff, Lelyne Edans as Special Administrator of the Estate of Caleb Michael Joyner, deceased, demands judgment against the Defendants, in a sum in excess of $75,000.00, attorney fees and litigation costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues.

/s/ Robert A. Montgomery
Robert A. Montgomery
Attorney for Plaintiff

Robert A. Montgomery
Attorney at Law
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
T: 312-236-7700; F: 312-605-8808
E-Mail: rm@rmontlaw.com
Attorney Code: 1946129