**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LELYNE EDENS AS SPECIAL | ) | |
| ADMINISTRATOR OF THE ESTATE OF | ) | |
| CALEB MICHAEL JOYNER, DECEASED | ) | |
| | ) | No. 19-cv-5346 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Charles R. Norgle, Sr. |
| v. | ) | Magistrate Judge Honorable Sunil R. Harjani |
| | ) | |
| OLIGHT USA, BATTERIES PLUS | ) | |
| HOLDING CORPORATION, & ASCENT | ) | |
| BATTERY SUPPLY, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS', BATTERIES PLUS HOLDING CORPORATION, & ASCENT BATTERY SUPPLY, LLC, MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, BATTERIES PLUS HOLDING CORPORATION and ASCENT BATTERY SUPPLY, LLC, by and through their attorneys, GLENN F. FENCL and AMBER N. LUKOWICZ of JOHNSON AND BELL, LTD., hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff LELYNE EDENS's Complaint in its entirety as against these named Defendants. In support of their Motion, Defendants state as follows:

### INTODUCTION

On August 8, 2019, Plaintiff Lelyne Edens filed a nine count Complaint against Defendants Batteries Plus Holding Corporation ("Batteries Plus"), Ascent Battery Supply, LLC ("Ascent"), and Olight USA.[1] In the Complaint, Plaintiff alleges various strict products liability claims, breach of warranty claim, negligence claims, fraudulent misrepresentation and an alleged

---

[1] Plaintiff filed a Motion for leave to file a First Amended Complaint on October 11, 2019, asking for leave to add additional defendants, but the causes of action against Batteries Plus and Ascent remain the same. Plaintiff's Motion has not yet been reviewed by the Court.

violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, as well as a punitive damages count, against all defendants arising from a personal injury occurrence involving Caleb Michael Joyner. Defendants Batteries Plus and Ascent file this memorandum seeking to Dismiss Plaintiff's Complaint for failure to state a claim against Defendants pursuant to FRCP 12(b)(6).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court has described this notice-pleading standard as requiring a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint that merely alleges facts demonstrating the possibility that a claim exists is insufficient. A claim containing allegations that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. It is well settled that federal courts sitting in diversity must apply state law to resolve substantive questions and federal law to resolve procedural questions. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's claims arise under Illinois state law torts and statutes. Therefore, Illinois law applies to Plaintiff's state law claims.

## ARGUMENT

**A. Plaintiff Fails To Name Or Delineate Her Claims Against Defendants Ascent and Batteries Plus Throughout Her Complaint, Therefore Ascent and Batteries Plus Should Be Dismissed From This Cause of Action**

As an initial matter, Defendants Batteries Plus and Ascent request this court dismiss them from Plaintiff's Counts which do not explicitly name Batteries Plus or Ascent in the Count. "Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Defendants Batteries Plus and Ascent are only specifically named in one allegation of Count I of Plaintiff's Complaint which lists all the Defendants. (Doc. 1, Count I, ¶ 24). Counts II, III, IV, V, VI, VII, VIII, and IX fail to name either Defendant Batteries Plus or Defendant Ascent individually, therefore the Defendants cannot be held liable under said Counts.

**1. Defendant Ascent Should Be Dismissed As It Is Only Specifically Named In Count I And Plaintiff In No Way Associates Ascent With Any Product Or Act Throughout The Complaint**

The only allegation in any count specifically naming Ascent, other than the general party allegation, is in Count I, whereby the Plaintiff alleges "Defendants, … Batteries Plus Holding Corporation, and Ascent Battery Supply, LLC, … owed a duty to design, manufacture, label, market, distribute, and supply and/or sell a product like the Olight Flashlight and Nuon batteries …." (Doc. 1, Count I, ¶ 24). Further, Ascent is nowhere alleged to have designed, manufactured, labeled, marketed, distributed, or suppled and/or sold either of the products that were allegedly involved in Plaintiff's decedent's occurrence, the Olight flashlight or the Nuon battery. Therefore, Ascent should be dismissed as there is no allegation in the Complaint that allows Ascent to determine what Plaintiff is asserting Ascent did which was wrongful or in violation of any statute.

**2. Defendant Batteries Plus should be Dismissed as it is only specifically Named in Count I.**

Plaintiff only goes slightly further with Defendant Batteries Plus. In addition to the general party allegation and ¶ 24 cited above, Plaintiff only alleges one additional general allegation that the flashlight involved in the alleged occurrence was "powered by two Nuon brand batteries manufactured and sold by Batteries Plus." (Doc. 10-3, Count I, ¶ 16). This additional allegation does not assist Plaintiff here. Counts II through IX do not name Batteries Plus individually. Thus, Batteries Plus should be dismissed from those Counts as Plaintiff has failed to name it specifically and instead addresses the Counts to all Defendants.

**B. Plaintiff's Strict Liability Claims And Breach Of Implied Warranty Claims in Counts II, III, and V Should Be Dismissed For Failure To Plead A Tender Of Delivery Or Purchase Date**

In Plaintiff's Complaint at Law, no allegations are made as to when the sale of the Nuon battery took place. The only date referenced in her Complaint is the date of injury being November 6, 20017. A breach of implied warranty of fitness for a particular purpose as well as the breach of implied warranty of merchantability occurs when tender of delivery is made and not the date of injury. *Sille v. McCann Construction Specialties Co.,* 265 Ill. App. 3d 1051, 1057-58 (1st Dist. 1994). Without pleading the date of sale or tender of delivery, plaintiff fails to plead a proper cause of action and that the action is not barred by the statute of limitations.

An implied warranty of merchantability applies to the condition of the goods at the time of sale and is breached only if the defect in the goods existed when the goods left the defendant's control. *Oggi Trattori and Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 372 Ill. App. 3d 354, 359 (1st Dist. 2007). To recover under a theory of implied warranty or strict product liability, the injured party must prove that the condition of the product, when it left the manufacturer's control, was the same as immediately prior to its use. *Warren v. Coca-Cola Bottling Co. of Chicago*, 166 Ill. App. 3d 566, 572 (1st Dist. 1988). The mere fact that an injury occurs in use of the product does

not raise a presumption, or otherwise create an inference, that it left the defendant's control in that condition under any of the product liability theories. *Id.*

In the instant case, there is not a single, concrete factual allegation in Plaintiff's Complaint at Law, especially Count V, that the battery was defective when it left the control of Defendant Batteries Plus.  Further, plaintiff does not allege when the product left the control of Defendant Batteries Plus or the date the decedent purchase or was tendered delivery of the battery.  Thus, without alleging the date of sale or tender of delivery of the battery in question along with any specific factual allegations that the defect or risks existed at the time it left Defendant Batteries Plus's control, Plaintiff has failed to set forth the proper causes of action under strict liability and breach of implied warranty.  As such, Plaintiff's Counts II, III, and V in Plaintiff's Complaint at Law should be dismissed.

**C.  Plaintiff's Strict Liability Claims in Counts II and III Against Ascent and Batteries Plus Must be Dismissed Under Illinois Law**

**1.  Plaintiff's Count II Fails to Adequately Allege Strict Liability Against Batteries Plus and Ascent For A Design Defect**

Plaintiff's claim that the products involved in the decedent's incident falls well short of the thresholds established under Illinois law.  To state a strict products liability claim based on a defectively designed or manufactured product, Plaintiff must allege "(1) a condition of the product as a result of manufacturing or design, (2) that made the product unreasonably dangerous, (3) and that existed at the time the product left the defendant's control, and (4) an injury to the plaintiff, (5) that was proximately caused by the condition." *Tyler v. Boston Scientific Corp.*, No. 17 C 9170, 2018 U.S. Dist. LEXIS 81362, at *6-7 (N.D. Ill. May 15, 2018) (quoting *Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 345 (Ill. 2008). "A design defect occurs when the specific unit conforms to the intended design but the intended design itself

renders the product unreasonably dangerous." *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 108, 342 Ill. Dec. 210, 402 Ill. App. 3d 490 (1st Dist. 2010).

First of all, Plaintiff's Count II, sounding in products liability, nowhere alleges that the Nuon battery, the product attributed to Batteries Plus, was unreasonably dangerous. This is a required element of Plaintiff's claim. Further, Plaintiff instead alleges that the battery and the flashlight "were more dangerous than other available surgical treatment." (Doc. 10-3, ¶36). The battery itself was not surgical equipment and not used by the decedent as surgical equipment. (*See id.* at ¶¶ 17-18) (claiming that the decedent used the flashlight and corresponding battery to inspect his vehicle's engine for possible problems). As Plaintiff fails to allege that the Nuon battery was unreasonably dangerous, and further attempts perplexingly to parallel the alleged defective product with surgical equipment, Plaintiff's claims under Count II as against Defendant Ascent and Batteries Plus warrant dismissal.

**2. Plaintiff's Count III Fails Under Illinois Law As Plaintiff Fails to Allege Defendants Ascent and Batteries Plus Knew or Should Have Known Of The Product's Dangerous Propensity**

Simply, Plaintiff fails to allege required language under Illinois law to state a claim for strict liability and failure to warn. In a strict liability case based on a failure to warn in Illinois, first, the plaintiff must allege and prove that the defendant knew or should have known of the danger. *Giles v. Wyeth, Inc.*, 556 F.3d 596, 600 (7th Cir. 2009) (quoting *Smith v. Eli Lilly & Co.*, 137 Ill.2d 222, 148 Ill. Dec. 22, 560 N.E.2d 324, 344 (Ill.1990)). Plaintiff here instead alleges that the Defendants had a duty to "keep abreast" of information related to their products. (Doc. 1, ¶48). This is insufficient. Plaintiff makes no allegations that Ascent or Batteries Plus knew or should have known that the Nuon battery was dangerous.

Second, a failure to warn claim must allege that the defendant "did not disclose an

unreasonably dangerous condition or instruct on the proper use of the product as to which the average consumer would not be aware." *Salerno*, 932 N.E.2d at 109. Plaintiff does not list any unreasonably dangerous condition of the Nuon battery. One  of Plaintiff's allegation prefaces a list of risks associated with the product in that "Defendants failed to adequately warn consumers and the public… of the following risks associated with the use of their … Nuon batteries." (Doc. 10-3, ¶47).  However, the Plaintiff never states the alleged risks of the Nuon battery in that count or the remainder of the Complaint.  Therefore, since Plaintiff's Count III is devoid of even an allegation that Ascent or Batteries Plus knew or should have known about any specific risk or any dangerous propensity of the Nuon battery, dismissal of Count III is warranted.

**D. Plaintiff Has Failed to State a Claim For Brach of Express Warranty Under Illinois Law, Therefore Count IV Should Be Dismissed**

In Count IV, Plaintiff asserts a claim for breach of express warranty. To state a claim for breach of express warranty under Illinois law, plaintiff must allege: "(1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis of the bargain; and (4) seller guaranteed that the goods would conform to the affirmation or promise." *Kmak v. Sorin Group Deutschland GmbH*, Case No. 17 CV 4759, 2017 WL 8199974 at *5 (N.D. Ill. Dec. 12, 2017).  Plaintiff nowhere in her complaint alleges that the decedent saw the alleged misstatements or that the alleged misrepresentations were made to the decedent when he acquired the allegedly defective Nuon battery. *See Berarov v. Archers-Daniels-Midland Co.*, 2019 U.S. Dist. LEXIS 10169 at *26-27 (N.D. Ill. Jan. 22, 2019) (dismissing breach of warranty claim for failing to allege a plausible claim as there were no allegations that plaintiff read or was told about the express warranties); *see also Kmak*, 2017 WL 8199974 at *5 (dismissing claim for breach of express warranty where plaintiff failed to allege "that she reviewed any manufacturer documents—not even brochures or advertisements—prior to use [or] the purchase [of the

product]").  Plaintiff's failure to allege that the decedent read any express warranties or that any misrepresentations of the alleged warranties were made to the decedent on purchase warrants dismissal of Count IV as against Defendants Ascent and Batteries Plus.

Further, Plaintiff's breach of express warranty claims also fails in that Plaintiff did not state the specific warranty made by Defendant Ascent or Defendant Batteries Plus, nor did Plaintiff attach the express warranty to the Complaint.  Illinois law requires that the "terms of the express warranty must be stated or attached to the Complaint" to state a claim for breach of express warranty. *The Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 460-461 (1989).  This holding establishes, that pursuant to Illinois statute 735 ILCS 5/2-606,  that when a claim, like breach of express warranty, is based on Illinois law and "is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein." A plaintiff can only be excused from this requirement by attaching to "her pleading an affidavit stating facts showing that the instrument is not accessible to him or her." *Id.*

Plaintiff has neither attached the written instrument upon which this warranty is based nor recited the precise language of the alleged express warranty. Plaintiff does not even resort to paraphrasing some claimed language from an express warranty relating to the Nuon battery. Further, Plaintiff fails to even identify the form in which the warranty was made.  Plaintiff makes general allegations that warranties were made in advertising and marketing.  Without specific allegations, such that the decedent read and was aware of the express warranties or what the express warranties actually stated, Plaintiff has not stated a claim for breach of express warranty under Illinois law upon which relief can be granted and the Court must dismiss Count IV pursuant to F.R.C.P. 12(b)(6) against Defendants Ascent and Batteries Plus.

**E.  The Complaint Fails To State A Cause Of Action For Fraudulent Misrepresentation Because Plaintiff Fails To Meet The Pleading Requirements With Regard To An Allegation Of Fraud Under Illinois and Federal Law**

Any pleading or claim of fraud under Illinois or Federal law requires that the allegation surrounding fraud be stated with particularity.  *See* F.R.C.P. Rule 9(b).  Under Illinois law "[t]he elements of a cause of action for fraudulent misrepresentation are: '(1) a false statement of a material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance.'" *People ex rel. Peters v. Murphy-Knight*, 248 Ill. App. 3d 382, 387 (1st Dist. 1993) quoting *Soules v. General Motors Corp*., 79 Ill. 2d 282, 286 (1980).  Illinois law requires "[a] high standard of specificity [be] imposed on pleadings asserting fraud." *Miner v. Fashion Enters.*, 342 Ill. App. 3d 405, 419 (1st Dist. 2003), citing *Hirsch v. Feuer,* 299 Ill. App. 3d 1076, 1085 (1st Dist. 1998); *Chatham Surgicore, Ltd. v. Health Care Serv. Corp.*, 356 Ill. App. 3d 795, 803 (1st Dist. 2005). The facts constituting any alleged fraudulent misrepresentation "must be stated 'with sufficient specificity, particularity and certainty to apprise the opposing party of what he is called upon to answer.'" Additionally, "(t)he pleading 'must contain specific allegations of facts from which fraud is the necessary or probable inference, including what representations were made, when they were made, who made the misrepresentations and to whom they were made.'" *Id*., quoting *Hirsch,* 299 Ill. App. 3d at 1085; *Chatam Surgicore, Ltd.*, 356 Ill. App. 3d at 803-04.

Plaintiff falls woefully short of meeting the high standard required to sufficiently allege a false statement of material fact necessary to state a cause of action against Defendant Ascent or Batteries Plus for fraudulent misrepresentation. Plaintiff fails to allege with specificity, particularity and certainty that the Defendant knew or believed that any of the representations

they are alleged to have made were material facts or were false. Specifically, the Plaintiff fails to allege with specificity, particularity and certainty what misrepresentations were made and when they were made.  Plaintiff's conclusory, non-fact specific allegations do not comply with Illinois pleading requirements as required by *Miner* and *Hirsch*, and as required under F.R.C.P. Rule 9(b), in that Plaintiff's allegations fail to specify what the representations were, when they were made, and that Defendants knew the statements to be false when made. For the reasons stated above, Count VI warrants dismissal with prejudice.

## F.  **Plaintiff's IFCA Claim in Count VII Fails Under the Specificity Standard Required Under Illinois Law**

Plaintiff's ICFA claim based on the Defendants alleged false statements and representations also fails as a matter of law because she: (1) does not identify any advertising or communication from Defendant Ascent or Defendant Batteries Plus in which the alleged false representation was made; (2) does not allege that the decedent ever received, viewed, or heard *any* such advertising or communication; and (3) does not allege specific facts regarding the "who, what, when, where, how" of the Defendants' allegedly false representations or statements.

The Illinois Supreme Court has held that "[a] consumer cannot maintain an action under the [ICFA] when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant." *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 555 (2009) ("If there has been no communication with the plaintiff, there have been no statements and no omissions."). Accordingly, plaintiff must specifically identify the communication or advertising in which Defendant Ascent's or Defendant Batteries Plus's alleged misrepresentation occurred in order to state a viable ICFA claim.  She fails to do so, and her bare allegation regarding Defendant Ascent's or Defendant Batteries Plus's "making false and misleading oral and written statements" and the alleged defect cannot be the basis of her claim.  *Darne v. Ford Motor Co*.,

2015 U.S. Dist. LEXIS 169752, at *33 (N.D. Ill. Dec. 18, 2015) ("[Plaintiff] has failed to identify any communication with Ford in which Ford omitted to disclose the defective engine."); *Stavropoulos v. Hewlett-Packard Co*., 2014 U.S. Dist. LEXIS 78423, at *16 (N.D. Ill. June 9, 2014) (dismissing ICFA claim because "a plaintiff alleging an omission-based deception must still point to the communication in which the omission occurred to state a viable ICFA claim," which plaintiff failed to do).

Furthermore, even if plaintiff had identified the requisite advertising or communication from Defendants Ascent or Batteries Plus – though she does not – there are no allegations in the Complaint showing that the decedent ever received, viewed, or heard such advertising or communication.  *See De Bouse*, 235 Ill. 2d at 554 ("If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause.").  Plaintiff's failure to allege facts showing proximate causation of her alleged damages is another reason why her ICFA claim fails as a matter of law and must be dismissed. *See Schiesser v. Ford Motor Co*., 2017 U.S. Dist. LEXIS 53180, at *18 (N.D. Ill. Apr. 6, 2017) ("Schiesser does not allege that he saw or heard any of the allegedly deceptive communications prior to purchasing the Vehicle.  Without a plausible link tying the communications to Schiesser's purchase of the Vehicle, these communications cannot serve as the predicate for his ICFA claim.").

In addition to these fatal defects, plaintiff's ICFA claim is deficient because she does not plead facts regarding the "who, what, where, when, how" of the Defendants' alleged nondisclosure with particularity.  Specifically, plaintiff fails to allege "what material facts [Defendants] should have disclosed, to whom it should have disclosed them, or when it should have disclosed them."  *DeMaria v. Nissan North Am., Inc*., 2016 U.S. Dist. LEXIS 11295, at

*31-*32 (N.D. Ill. Feb. 1, 2016) (finding plaintiff's core allegation that "Nissan knew the floorboards were defective and failed to disclose that fact in general" to be insufficient); *Strama v. Toyota Motor Sales, U.S.A. Inc.*, 2016 U.S. Dist. LEXIS 17736, at *10-*11 (N.D. Ill. Feb. 12, 2016) ("Plaintiffs' general statements that Toyota has been concealing information from consumers . . . for years are not sufficient to plead with particularity the specific facts as to the alleged fraud in regard to the two Plaintiffs in this case.").  For all the foregoing reasons, the Court should dismiss plaintiff's ICFA claim with prejudice.

**G.  Plaintiff's Count IX Seeking Punitive Damages Is Improperly Plead Without Leave of Court And Insufficiently Plead Under Established Law**

In Count IX of her Complaint, Plaintiff seeks an award of punitive damages as part of a claim based on the alleged "fraud, actual malice, or conscious and deliberate disregard of foreseeable harm" of the Defendants. (Doc. 10-3, Count IX, ¶ 83).  Punitive damages under Illinois law arise under Section 2-604.1. *See* 735 ILCS 5/2-604.1.  Section 2-604.1 "precludes plaintiffs from requesting punitive damages on the face of any complaint based, even in part, on a negligence theory."  *McCann v. Presswood*, 308 Ill. App. 3d 1068, 1072 (4th Dist. 1999).  Thus, Section 2-604.1 requires such plaintiff to file a pretrial motion and seek leave of court to include a prayer for relief seeking punitive damages.  *See Penn v. Gerig*, 334 Ill. App. 3d 345, 355-56 (4th Dist. 2002).  In Count I, Plaintiff pleads a cause of action for negligence. Because her Complaint is at least, in part, based on negligence, she must comply with the requirements of 735 ILCS 5/2-604.1.  Absent an order granting Plaintiff leave to file an amended complaint seeking punitive damages, the Court must strike plaintiff's prayer for relief seeking punitive damages in Count IX.

Furthermore, Illinois courts do not favor punitive damages and insist that plaintiffs establish "gross fraud . . . 'or other extraordinary or exceptional circumstances clearly showing

malice or willfulness.'" *Europlast Ltd. v. Oak Switch Systems, Inc.*, 10 F.3d 1266, 1276 (7th Cir. 1993) (and citations therein); *see also AMPAT/Midwest, Inc. v. Illinois Tool Works*, 896 F.2d 1035, 1043 (7th Cir. 1990) (Illinois courts take dim view of punitive damages).  Plaintiff alleges no specific allegation or conduct on the part of Batteries Plus or Ascent of willful, wanton, or outrageous conduct that would support a claim for punitive damages.   An allegation of intentional conduc is insufficient under Illinois law to claim punitive damages. *Europlast Ltd. v. Oak Switch Systems, Inc.,* 10 F.3d 1266, 1276 (7th Cir. 1993) (citing *Cornell v. Langland*, 109 Ill. App. 3d 472 (1st Dist. 1982)); *Loitz v. Remington Arms*, 138 Ill. 2d 404 (1990) (punitive "damages can be awarded only for . . . conduct involving some element of outrage similar to that usually found in crime."). Plaintiff's generalized and conclusory allegations of potential acts by generally all of the Defendants are not enough to support punitive damages under established Illinois case law and therefore, Count IX of Plaintiff's Complaint for punitive damages must be dismissed.

**H. Count VIII, Based On A Claimed Loss Of Consortium, Should Be Dismissed For The Same Reasons Stated Above**

Lastly, Count VIII, seeking recovery under theory of loss of consortium, which seeks to incorporate all of the causes of action filed for the decdedent as brought by LeLyne Edens, fails to state a cause of action and should likewise be dismissed for the same reasons as set forth above.

## CONCLUSION

The Motion to Dismiss asserts that nowhere in the Plaintiff's Complaint do the Plaintiffs make the required factual allegations that would support a cause of action against Defendants Ascent and Batteries Plus based on a theory of negligence, strict liability, breach of any warranty, fraud or under the IFCA. Absent in Plaintiff's Complaint are any factual allegations

that the Defendants Ascent and Batteries Plus knew any of their representations were false, information regarding when the decedent purchased the Nuon battery, whether the decedent read, heard or was ever given any warranties or misrepresentation, and the explicit representations and warranties made by either Defendant Ascent or Defendant Batteries Plus. Thus, Plaintiff has failed to satisfy the fact pleading requirements to state a cause of action against Defendants Ascent and Batteries Plus. Lastly, it logically follows that Plaintiffs' loss of consortium claim fails if the counts upon which it is based are dismissed. Therefore, the complaint, in its entirety, as against Defendants Ascent and Batteries Plus should be dismissed with prejudice.

**WHEREFORE,** Defendants, BATTERIES PLUS HOLDING CORPORATION and ASCENT BATTERY SUPPLY, LLC, pray that Plaintiffs' Complaint against them be dismissed with prejudice.

Dated: October 18, 2019                    Respectfully submitted,


                                           */s/ Amber N. Lukowicz*
                                           One of the Attorneys for the Defendants Batteries Plus Holding Corporation and Ascent Battery Supply, LLC


Glenn F. Fencl ARDC# 3126086
Amber N. Lukowicz ARDC# 6324266
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
Phone: (312) 372 0770
Fax: (312) 372-9818
fenclf@jbltd.com
lukowicza@jbltd.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**s/ Amber N. Lukowicz**
Amber N. Lukowicz; Bar Number:  6324266
One of the Attorneys for the Defendants Batteries
    Plus Holding Corporation and Ascent Battery
    Supply, LLC
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone:  (312) 372-0770
Fax:  (312) 372-2881
E-mail:  lukowicza@jbltd.com