IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELYNE EDENS AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CALEB MICHAEL JOYNER, DECEASED, <br><br> Plaintiff, <br><br> vs. <br><br> OLIGHT USA, BATTERIES PLUS HOLDING CORPORATION, & ASCENT BATTERY SUPPLY, LLC. <br><br> Defendants. | ) ) ) ) ) ) ) ) Court No.: 1:19-cv-05346 ) ) Hon. Charles R. Norgle ) ) ) ) ) ) |

**AGREED WRITTEN STATUS REPORT**

Plaintiffs Lelyne Edens, As Special Administrator Of The Estate Of Caleb Michael Joyner, Deceased, and Defendants Batteries Plus Holding Corporation and Ascent Battery Supply, LLC. Respectfully submit the following Agreed Written Status Report pursuant to this Court's Minute Entry dated September 9/19/2019:

1. **Nature of the Case**

    A. **Attorneys of Record**

    **Plaintiff's Counsel:**

    Robert A. Montgomery (lead trial attorney)
    Attorney at Law
    161 North Clark St., Ste. 3050
    Chicago, IL 60601
    PH: 312-236-7700
    FX: 312-605-8808
    rm@rmontlaw.com


    Jason A. Shartzer, Esq.
    Shannon B. Mize, Esq.
    SHARTZER LAW FIRM, LLC
    156 East Market Street
    10th Floor, Suite 1000
    Indianapolis, IN 46204

>     PH:  317-969-7600
>     FX:  317-969-7650
>     jshartzer@shartzerlaw.com
>     smize@shartzerlaw.com

**Defendants' Batteries Plus Holding Corp. and Ascent Battery Supply, LLC Counsel:**

>     Glen F. Fencl (lead trial attorney)
>     Amber N. Lukowicz
>     JOHNSON & BELL, LTD.
>     33 West Monroe St., Ste. 2700
>     Chicago, IL 60603
>     PH:  312-372-0770
>     FX:  312-372-2881
>     fenclg@jbltd.com
>     lukowicza@jbltd.com

**B. Parties yet to Be Served:**

Defendant Olight USA has not been served nor appeared in this matter.

**C. Basis For Federal Jurisdiction:**

This Court has jurisdiction under 28 U.S.C. §1332 ~~because there is~~based on complete diversity of citizenship amongst the parties and the amount in controversy exceed~~ings~~ $75,000, exclusive of interest and costs.  Plaintiff, LeLyne Edens, as Special Administrator of the Estate of Caleb Michael Joyner ("Edens") is an Indiana resident and a citizen of the state of Indiana. The Decedent, Caleb Michael Joyner, was also an Indiana resident and a citizen of the State of Indiana at the time of his death.  Defendant, Olight USA is a Georgia corporation with its principal place of business in the state of Georgia.  As such, Olight USA is a citizen of the state of Georgia.  Defendant, Batteries Plus Holding Corporation ("Batteries Plus"), is a Georgia corporation with its principal place of business in the State of Georgia.  As such, Batteries Plus is a citizen of the State of Georgia.  Defendant, Ascent Battery Supply, LLC ("Ascent"), is a Wisconsin corporation with its principal place of business in the State of Wisconsin.  As such, Ascent is a citizen of the State of Wisconsin. While Plaintiff's Complaint sought an unspecified amount of damages, Plaintiff has refused to admit that the value of her claims are worth less than $75,000.  Therefore, the amount in controversy, exclusive of interest and costs, is greater than $75,000, which is the jurisdictional threshold requirement of 28 U.S.C. §1332(a).  Plaintiff has no basis to dispute the accuracy of the residency of the Defendants.  Therefore, diversity of citizenship also exists.

**D. Nature of the Claims Sought And Any Counterclaims, including the amount of damages and other relief sought:**

Plaintiff alleges claims of personal injury and wrongful death under theories of strict products liability including design defects, manufacturer defects, defective labeling and failure of the Defendants to warn of the hazards and dangers associated with the use of their products. Plaintiff also contends that Defendants breached the express and implied warranties they made that their products were safe for use. Plaintiff further contends that Defendants' representations and omission regarding the use of the Olight Flashlight and Nuon batteries constituted fraud and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Lastly, Plaintiff seeks punitive damages against Defendants.

Plaintiff seeks monetary damages above the jurisdictional limits of $75,000.00

### E. Principal Legal and Factual Issues

The preeminent legal issues include whether Plaintiff has stated a claim upon which relief can be granted under Illinois and Federal law for strict product liability, breach of warranties, fraudulent misrepresentation, Illinois Consumer Fraud and Deceptive Businesses Practice Act. Further, legally at issue is whether Plaintiff's claims allow Plaintiff to recovery punitive damages under the law.

The factual issues include whether the proximate cause of the decedent's injury and subsequent death was the Olight flashlight, the Nuon battery, or some other intervening or superseding cause. Additionally, whether any warranties or warnings accompanied the Nuon battery or the Olight flashlight and whether any other representations or misrepresentations were made to the decedent prior to his use of either of the products.

## 2. **Mandatory Initial Discovery Pilot Project**

All parties who have appeared in the instant matter are aware of the Mandatory Initial Discovery Pilot Project (MIDP).

## 3. **Case Plan**

### A. Pending Motions

On October 18, 2019, Defendants Batteries Plus Holding Corp. and Ascent Battery Supply, LLC filed a Motion to Dismiss and Memorandum in Support of Their Motion to Dismiss with this Court.

Per Order of the Court on October 31, 2019, Plaintiff's response to Defendants' Motion to Dismiss is due on or before November 22, 2019.

Per Order of the Court on October 31, 2019, Defendants' reply is due on or before December 6, 2019.

**B. Whether Any Defendant Anticipates Responding To The Complaint By Motion**

As stated above, Defendants Batteries Plus Holding Corp. and Ascent Battery Supply, LLC filed a Motion to Dismiss filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**C. Proposed Discovery Plan**

**Plaintiff's Position:**

i. **Type of Discovery Needed:** Generally, written and oral discovery will be needed in this case.

ii. **Whether Discovery will encompass ESI:** ESI materials or information may be included in the exchange of written discovery and production.

iii. **Claims of Privilege:** In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

iv. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 6, 2020**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

v. Plaintiff shall file preliminary witness and exhibit lists on or before **January 26, 2020**.

vi. Defendants shall file preliminary witness and exhibit lists on or before **February 6, 2020.**

  **vii.** All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **December 30, 2019**.

 **viii.** Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 26, 2020**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

  **ix.** Expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 6, 2020**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 7, 2020**; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before **August 13, 2020**.

  **x.** Notwithstanding the provisions of paragraph (ix), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

  **xi.** Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **September 21, 2020**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

 **xii.** All parties shall file and serve their final witness and exhibit lists on or before **September 29, 2020**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

 **xiii.** Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

      **xiv.** The Plaintiff requests a trial date in **December 2020**. The trial is by **jury** and is anticipated to take **3 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

    **Defendants' Position:**

Defendants Batteries Plus Holding Corp. and Ascent Battery Supply, LLC respectfully propose that the Court postpone setting a schedule for discovery until it has resolved the pending motions to dismiss and all parties (even those who have not appeared) are at issue for ease of scheduling discovery closure dates and to make sure all parties are on the same track.

   **D. Jury Demand**

Plaintiff has demanded a trial by jury.

**4. Settlement**

   **A. Settlement Discussions**

The parties have not yet engaged in settlement discussions. Should this matter continue against any of the named defendants, the parties anticipate settlement discussions may ensue after the exchange of written discovery.

   **B. Settlement Conference**

The parties do not believe that a settlement conference would be productive at this time based on the lack of facts and damages currently known.

**5. Consent to Proceed Before a Magistrate Judge**

At this time, all parties **do not** unanimously consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

**6. Other**

There is a matter filed in the Northern District arising under the same operative pattern of alleged facts and including some of the same named defendants in this matter under Case No. 19-CV-07076 in front of Judge Dow Jr.. The parties ask that the two matters be consolidated before one Judge for the purposes of discovery and motion practice.

Respectfully submitted,                                   Dated: November 6, 2019

**SHARTZER LAW FIRM, LLC**                      **JOHNSON & BELL, LTD.**

*s/ Shannon B. Mize*                                       *s/Amber N. Lukowicz*
Jason A. Shartzer/#23989-49                          Glenn F. Fencl ARDC# 3126086
Shannon B. Mize/#22902-49A                        Amber N. Lukowicz ARDC# 6324266
156 East Market Street                                    Johnson & Bell, Ltd.
10th Floor, Suite 1000                                     33 West Monroe St., Ste. 2700
Indianapolis, IN 46204                                    Chicago, IL 60603
jshartzer@shartzerlaw.com                            fenclg@jbltd.com
smize@shartzerlaw.com                                lukowicza@jbltd.com
*Attorneys for Plaintiff*                                    *Attorneys for Defendants Batteries Plus Holding Corp. and Ascent Battery Supply, LLC*

Robert A. Montgomery/#1946129
Attorney at Law
161 N. Clark St., Ste. 3050
Chicago, IL 60601
rm@rmontlaw.com