IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELYNE EDENS AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CALEB MICHAEL JOYNER, DECEASED, <br><br> Plaintiff, <br><br> vs. <br><br> OLIGHT USA, BATTERIES PLUS HOLDING CORPORATION, & ASCENT BATTERY SUPPLY, LLC. <br><br> Defendants. | Court No.: 1:19-cv-05346 <br><br> Hon. Charles R. Norgle |

**PLAINTIFF'S RESPONSE TO DEFENDANTS BATTERIES PLUS HOLDING CORPORATION'S & ASCENT BATTERY SUPPLY, LLC'S MOTION TO DISMISS**

Plaintiff, by counsel, for her Response in Opposition to Defendants Batteries Plus Holding Corporation's and Ascent Battery Supply, LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), would show the following:

### I.   INTRODUCTION

Defendants Batteries Plus Holding Corporation's ("Batteries Plus") and Ascent Battery Supply, LLC's ("Ascent") Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) should be denied because Plaintiff's Complaint satisfies the pleading requirements set forth in Rules 8 and 9 of the Federal Rules of Civil Procedure, which govern the pleading requirements in this diversity action. Defendants argue that Plaintiff's Complaint should be dismissed due to certain alleged defects in pleading Plaintiff's causes of action for strict products liability, breach of warranty, negligence, fraudulent

1

misrepresentation, violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, and punitive damages. In support, Defendants cite to the substantive legal requirements for proving Plaintiff's causes of action under Illinois law. Although Illinois substantive law governs Plaintiff's claims, federal procedural law governs the requirements for the pleadings in this matter. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003); *Duvall v. Tyco Adhesives GP Holdings, Inc.*, 2007 U.S. Dist. LEXIS 51244, *7-8 (N.D. Ill. 2007). *R&L Grain Co. v. Chicago Eastern Corp.*, 513 F. Supp. 201, 206 (N.D. Ill. 1981); *Hanna v. Plumer*, 380 U.S. 460, 465-74, 85 S. Ct. 1136, 1140-45, 14 L. Ed. 2d 8 (1965).*see also Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993). The federal procedural rules require only that Plaintiff provide a short and plain statement of the claim showing that the she is entitled to relief. Fed. R. Civ. P. 8. Because Plaintiff's Complaint meets this threshold, Defendants' Motion to Dismiss should be denied.

Notwithstanding Defendants' contention that Plaintiff's claims are insufficient, Plaintiff is filing contemporaneously with this Response its Second Amended Complaint. Any alleged deficiencies in pleadings are cured by the Second Amended Complaint. (Exhibit A)

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. To survive at Rule

12(b)(6) motion to dismiss, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 267 F. Supp. 3d. 1000, 1010 (N. D. Ill. 2017). Motions to dismiss are not to be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *R&L Grain Co. v. Chicago Eastern Corp.*, 531 F. Supp. 201, 204 (N.D. Ill. 1981).

Federal Rule of Civil Procedure 8 requires only that Plaintiff recite a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for relief sought. Each allegation must be simple, concise, and direct and no technical form is required. A party may state as many separate claims or defenses as it has, regardless of consistency. Fed. R. Civ. Pro. 8. The Federal Rules do not require that a claimant set out in detail the facts upon which he bases his claim. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993). All that is required is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.*

The only exception to the liberal pleading requirements of the Federal Rules of Civil Procedure is contained in Rule 9. Rule 9 requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). However, in this case, this heightened pleading requirement only applies to Plaintiff's claim for

fraudulent misrepresentation and violations of the Illinois Consumer Fraud and Deceptive Practices Act. Notwithstanding this heightened pleading requirement, Plaintiff's allegations are still sufficient to withstand a Motion to Dismiss pursuant to Rule 12(b)(6).

### III. ARGUMENT

**A. Plaintiff's Complaint is clear that all counts are asserted against all Defendants.**

Each cause of action in the Complaint alleges that the "Defendants" are responsible for the damages incurred by the Plaintiff. Batteries Plus and Ascent argue that they should be dismissed from all Counts except Count I of the Complaint because they are not explicitly named in the second through ninth causes of action. Although Batteries Plus and Ascent are specifically mentioned in Count I of the Complaint, their argument misses that the second through ninth causes of action are directed against all three Defendants collectively. *See Complaint*, ¶¶ 30, 42, 50, 54, 61, 70, and 79. Each cause of action also incorporates by reference each of the prior paragraphs of the Complaint, including the general factual allegations of the Complaint. *Id.*, ¶¶ 1-29, 1-41, 1-49, 1-53, 1-60, 1-68, 1-74, and 1-78. The incorporated paragraphs make it clear that each cause of action is directed at all three of the named Defendants. Furthermore, Plaintiff has specifically alleged that Defendant Batteries Plus manufactured and sold the Nuon batteries that exploded and killed by the decedent, Caleb Joyner. *Complaint*, ¶ 12. Therefore, The Complaint satisfies the notice pleading requirements of Fed. R. Civ. Pro. 8, which require no technical form, and provide notice to Batteries Plus and Ascent that all causes of action are directed against them. As a result, Batteries Plus

4

and Ascent should not be dismissed from the second through ninth causes of action.

### B. Counts II, III and V Should Not be Dismissed for Failure to Plead or Tender a Delivery or Purchase Date.

The pleading requirements under Fed. R. Civ. Pro. 8 do not require that Plaintiff allege the date of sale of the Nuon batteries in question. Batteries Plus and Ascent argue that Counts II, strict products liability – defective design, Count III, strict products liability – failure to warn, and Count V, breach of implied warranty, should be dismissed for failure to allege a purchase date so that Defendants can determine whether the action is barred by the statute of limitations. Plaintiff is not required to allege facts that will support Defendants' defenses. Plaintiff has alleged that "Defendants' Olight flashlight and Nuon batteries were expected to, and did, reach the intended consumers, handlers, and persons coming into contact with the product without substantial change in the condition in which they were researched, designed, developed, tested, manufactured, packaged, labeled, marketed, advertised, promoted, distributed, sold and/or made available by Defendants." *Complaint*, ¶ 30. This allegation allows the Court to draw the reasonable inference that Batteries Plus and/or Ascent are liable for the alleged strict products liability for defective design and failure to warn and breach of implied warranty. Therefore, Counts II, III, and V should not be dismissed for failure to allege a date of sale.

### C. Counts II and III should not be dismissed for failure to follow the Illinois rules governing the pleading of strict liability for defective design and failure to warn.

Batteries Plus and Ascent are mistaken that Illinois law governs the pleading

requirements in this diversity action. They argue that Plaintiff's product liability claims fall well short of the thresholds established under *Illinois* law that require an allegation that the product was unreasonably dangerous and that Defendants knew or should have known of the danger. (emphasis added.) As stated, *supra*, the Federal Rules of Civil Procedure govern the pleading requirements in this diversity action. *Muzikowski*, 322 F.3d at 926; *Duvall*, 2007 U.S. Dist. LEXIS 51244, *7-8; *R&L Grain Co.*, 513 F. Supp. at 206; *Hanna*, 380 U.S. at 465-74. Plaintiff's allegations are sufficient to maintain a cause of action for defective design and failure to warn under the pleading requirements set forth in Fed. R. Civ. Pro. 8.

Plaintiff alleges that the Nuon batteries inside the Olight flashlight exploded in the decedent's mouth after he placed the flashlight in his mouth to inspect underneath the hood of his vehicle. *Complaint*, ¶¶ 14-15. This allegation permits the Court to reasonably infer that the Nuon batteries and Olight flashlight were unreasonably dangerous as a product unexpectedly exploding is an inherently dangerous occurrence. Plaintiff also alleges that Batteries Plus and Ascent knew or should have known of the dangers associated with their product. Plaintiff asserts in paragraph twenty-six (26) of the *Complaint* that Defendants failed to: recognize the significance of their own and other's testing of, and information regarding, flashlight and battery products, which testing evidenced such products potential harm to humans; and respond promptly and appropriately to their own and other's testing of, and information regarding, flashlight and battery products, which indicated such products potential harm to humans. These allegations provide Batteries Plus and Ascent with notice that Plaintiff is claiming strict

liability for defective design and failure to warn and the grounds upon which the claims rest - their manufacture, sale, and/or distribution of Nuon batteries that killed the decedent.

### D. Count IV, Breach of Express Warranty, should not be dismissed for failure to follow the pleading requirements of Illinois law.

Plaintiff has alleged facts sufficient to state a claim for breach of express warranty. Batteries Plus and Ascent contend that because Plaintiff failed to attach a copy of a written warranty to the Complaint that Count IV must be dismissed. Defendants point to no requirement under the Federal Rules of Civil Procedure that mandates the warranty or an affidavit be attached to the Complaint prior to proceeding with a claim for express warranty, only Illinois law. Plaintiff alleges that the Defendants warranted that the Olight Flashlight and Nuon batteries were safe for use, that the warranty was breached, and that the decedent was injured as a result of the breach. *Complaint*, ¶¶ 50-52. These allegations, standing alone, are sufficient to proceed with a cause of action for breach of express warranty. Therefore, Defendants' Motion to Dismiss Count IV should be denied.

### E. The allegations in Count VI are sufficient to state a cause of action for fraudulent misrepresentation under the Federal Rules of Civil Procedure.

Plaintiff sufficiently states a cause of action for fraudulent misrepresentation in Count VI of the Complaint. Rule 9 of the Federal Rules of Civil Procedure requires that a party pleading fraud state with particularity the circumstances constituting the fraud or mistake. "Malice, intent, knowledge, and other conditions of a person's mind may be

alleged generally." *Id.* Batteries Plus and Ascent again attempt to implement the Illinois rules governing pleading onto this Count by arguing that Count VI should be dismissed. They contend that Plaintiff must state what representations were made, when they were made, who made the misrepresentations and to whom they were made. *See Motion to Dismiss*, p. 9. Plaintiff is not required to assert these allegations under Rule 9 of the Federal Rule of Civil Procedure. *See Muzikowski*, 322 F.3d at 926.

In Count VI, Plaintiff has alleged that Defendants fraudulently misrepresented that their flashlight and battery products were safe and effective, and that Defendants' misrepresentations and failure to disclose material facts were done with the intent to induce consumers, such as the decedent, to purchase the flashlight and batteries sold by the Defendants. *Complaint*, ¶¶ 62 and 64. These allegations in Count VI, along with the facts alleged in the "Allegations" section, are sufficiently particular under Rule 9 to state the circumstances constituting fraud of mistake. Therefore, Count VI of Plaintiff's Complaint for fraudulent misrepresentation should not be dismissed.

### F. Count VII sufficiently pleads a cause of action for violations of the Illinois Consumer Fraud and Deceptive Business Practice Act.

Similar to Count VI, Plaintiff has sufficiently stated a cause of action for violations of the Illinois Consumer Fraud and Deceptive Business Practice Act pursuant to Rule 9 of the Federal Rules of Civil Procedure. Batteries Plus and Ascent argue that Plaintiff was required to identify the advertising or communication from Defendants in which the false representation was made, allege that the decedent received, viewed, or heard the advertisement, and the specific facts regarding the "who, what, when, where, how" of

the false representations. *See Motion to Dismiss*, p. 10. Rule 9 does not require these allegations in pleading fraud. Plaintiff met the requirements for pleading a cause of action under the Illinois Consumer Fraud and Deceptive Business Practice Act by alleging that Defendants knew of the defective nature of the flashlight and batteries, continued to make false and/or misleading promotions, advertising, representations, and statements regarding the flashlight and batteries so as to maximize sales and profits at the expense of public health and safety, and used and employed unfair and deceptive methods, acts, and practices willfully and knowingly in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act. *Complaint*, ¶ 72. Therefore, Count VII of Plaintiff's Complaint should not be dismissed.

### G. Plaintiff is permitted to assert a request for punitive damages in her Complaint.

Under the Federal Rules of Civil Procedure, Plaintiff may assert a request for punitive damages. Fed. R. Civ. Pro. 8 states that Plaintiff's claim for relief must contain a short and plain statement of the claim and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Although Illinois substantive law controls the substance of Plaintiff's claim for punitive damages, Plaintiff is required to assert the type of relief requested, which includes punitive damages, in her Complaint. Therefore, Count IX of Plaintiff's Complaint requesting punitive damages should not be dismissed.

### H. Plaintiff has sufficiently plead a cause of action for loss of consortium.

Because Plaintiff has sufficiently pled causes of action in Counts I through VII and IX in the Complaint, it follows that Count VIII for loss of consortium should also not be dismissed. Batteries Plus and Ascent argue that Plaintiff's claim for loss of consortium fails because the remaining causes of action in the Complaint were not sufficiently pled. However, as the arguments set forth, *supra*, demonstrate, the allegations in the Complaint are sufficient to support the causes of action claimed under the pleading requirements of the Federal Rules of Civil Procedure. Therefore, Plaintiff's claim for loss of consortium should not be dismissed.

## IV. CONCLUSION

Because Plaintiff has alleged sufficient facts to support her causes of action under the Federal Rules of Civil Procedure, which govern the pleading requirements in this diversity action, Defendants Batteries Plus's and Ascent's Motion to Dismiss should be denied.

    Respectfully submitted,

    Law Offices of Robert A. Montgomery

    /s/Robert A. Montgomery
    Attorney for Plaintiff

Robert A. Montgomery
Attorney at Law
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
T: (312) 236-7700; F: (312) 605-8808
E: rm@rmontlaw.com
Attorney Code 1946129