IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELYNE EDENS AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CALEB MICHAEL JOYNER, DECEASED<br><br>  Plaintiff,<br><br>v.<br><br>OLIGHT USA, BATTERIES PLUS HOLDING CORPORATION, & ASCENT BATTERY SUPPLY, LLC.,<br><br>  Defendants. | No. 19-cv-5346<br><br>Honorable Judge Charles R. Norgle, Sr.<br>Magistrate Judge Honorable Sunil R. Harjani |

**DEFENDANTS', BATTERIES PLUS HOLDING CORPORATION, & ASCENT BATTERY SUPPLY, LLC, REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, BATTERIES PLUS HOLDING CORPORATION and ASCENT BATTERY SUPPLY, LLC, by and through their attorneys, GLENN F. FENCL and AMBER N. LUKOWICZ of JOHNSON AND BELL, LTD., submit the following brief in support of their Motion to Dismiss and state as follows:

Plaintiff filed multiple documents in response to Defendants' Motion to Dismiss the Complaint at Law, including a proposed Second Amended Complaint. However, though Plaintiff has filed two motions to amend her original complaint, Plaintiff has never noticed her motions to amend the Complaint for presentment or hearing before the Court. Thus, as an initial matter, this reply brief responds only to the initial Complaint filed and the only one currently at issue between the Defendants and the Plaintiff - the original Complaint filed with the Court on August 8, 2019. (*See* Doc. No. 1). However, it should be noted that by filing a proposed Second Amended Complaint, Plaintiff effectively admits that the original Complaint is deficient.

Plaintiff's resounding argument throughout her response brief is the that Defendants' Batteries Plus Holding Corporation ("Batteries Plus") and Ascent Battery Supply, LLC ("Ascent") have sufficient notice of what claims are alleged against them under Federal Rule of Civil Procedure ("FRCP") 8 and 9. Plaintiff's assertion that she has met the pleading requirements of FRCP 8 and 9 without any case law to support such argument cannot be allowed to stand. Plaintiff's claims fail to meet the pleading specificity required in Federal Court, and thus, dismissal of the Plaintiff's Complaint is warranted.

### A. Plaintiff's Failure to Delineate Counts and Allegations As To Each Defendant Warrants Dismissal of the Complaint

Plaintiff argues that Defendants' Batteries Plus Holding Corporation ("Batteries Plus") and Ascent Battery Supply, LLC ("Ascent") have sufficient notice of what claims are alleged against them in that all the counts state that they are brought against all the Defendants and incorporates all prior allegations in each count. Plaintiff provides no specific case support for why this would satisfy Federal Rule of Civil Procedure 8 or 9. The Seventh Circuit of Appeals has in actuality specifically held that "[a] complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). The only Complaint at issue in this matter does not meet the requirements of FRCP 8, or 9 with regard to the Counts arising out of a theory of fraud. In *Knight* the Seventh Circuit held that the plaintiff's collective responsibility pleadings failed to even meet the lower requirements of FRCP 8, where in the plaintiff "lump[ed] all of the defendants together, never describing which defendant is responsible for what conduct or when each defendant participated in that unspecified conduct." 725 F.3d 815, 818, citing to 875 F. Supp. 2d at 851. The Seventh Circuit agreed with the District Court Judge in that even under the normal pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint based on liability is

"personal" and that "each defendant had a right to know what he or she did that is asserted to be wrongful." *Knight*, 725 F.3d 815, 818. The court took issue specifically with the allegation in *Knight* that "the defendants looted the corporation," stating further that "[an] allegation that someone looted a corporation does not propound a plausible contention that a particular person did anything wrong." *Id*.

As discussed in the memorandum in support of Defendants' Motion to Dismiss, there is **no** allegation that Ascent did anything wrong, or in fact that Ascent did anything at all, in the Complaint. Thus, at the very least, Ascent should be dismissed from this matter fully.

Furthermore, the only allegation specifically against Batteries Plus is that it manufactured and sold the Nuon batteries. (*See* Doc. 1, ¶12). All counts in the Complaint are then directed at all Defendants. This is insufficient. Without allegations in Plaintiff's counts regarding who did what, the Complaint is inadequate under the Federal Rules of Civil Procedure and the Seventh Circuit case law.

### B. Plaintiff's Failure to Plead a Delivery Date or Purchase Date is Fatal to Plaintiff's Counts II, III, and V

Again, with regard to Plaintiff's second argument in rebuttal to Defendants' Motion to Dismiss, Plaintiff fails to cite any case law. Instead, Plaintiff relies on the plain language of FRCP 8 stating that there is no requirement that Plaintiff plead a delivery date or purchase date in her claims. While Plaintiff may be correct that the plain language of the rule does not require Plaintiff to state the delivery date when making any claim, Plaintiff is still required to plead her claim under Rule 8. As Plaintiff is seeking to recover under theories of strict product liability and breach of implied warranty, Plaintiff must state allegations "showing that the pleader is entitled to relief." FRCP 8(a)(2). Without stating when or even specifically how the allegedly defective battery came into the Plaintiff's possession Plaintiff's complaint should be dismissed.

In *Bailey v. Medtronic, Inc.*, No. 1:17-cv-02314-JMS-DML, 2017 U.S. Dist. LEXIS 200300, at *11 (S.D. Ind. Dec. 6, 2017), the plaintiff identified the model of the defective product, how and when the plaintiff acquired the defective product, the date and location where the plaintiff's injury occurred, how the product was defective, the manner in which the plaintiff was harmed, and the actions that were taken thereafter. The *Bailey* Court found that the plaintiff had alleged sufficient claims to survive a motion to dismiss for failure to state a claim. Plaintiff here does not allege the same amount of detail regarding her strict product liability and breach of warranty claims. Plaintiff fails to state the model numbers of the defective products, where and when the allegedly defective products were purchased or obtained by the decedent, and how the products in this matter were defective. Therefore, Plaintiff fails to state a claim in Counts II, III, and V under theories of strict product liability and breach of implied warranty, and as such those counts should be dismissed.

### C. Counts II And III Require Dismissal, Because Plaintiff's Claim Sound In Tort Law, Which Would Be Governed Substantively By Illinois Law

Plaintiff attempts to circumvent the pleading requirements for all her claims by stating that she must only meet the standards for pleadings in FRCP 8 and 9 and that the requirements of pleading certain elements under Illinois law therefore do not apply. Plaintiff is sorely misled. It is well settled law that a federal court exercising diversity jurisdiction must apply "substantive" state law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Monetti, S.P.A. v. Anchor Hocking Corp.*, 931 F.2d 1178, 1181-82 (7th Cir. 1991); *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 637 (7th Cir. 1991). Drawing a principled distinction between "substance" and "procedure," however, is an incorrigible task, as "the line between [the two] shifts as the legal context changes." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108 (1945) ("Each implies different variables depending upon the particular

problem for which it is used."). Nevertheless, "the outcome of [diversity] litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court," *Guaranty Trust*, 326 U.S. at 109.  Thus, here, where the basis for Plaintiff's causes of action arise under Illinois law, the requirements of what needs to be pled for a particular claim would arise under Illinois law.  Therefore, Plaintiff's failure to allege the necessary elements of her strict product liability claims must be construed as a failure to state her claim and cause Counts II and III to be dismissed. Plaintiff again only cites to general law regarding the application of and standards in FRCP 8.  She does not cite to any specific case law from the Seventh Circuit or the Northern District of Illinois that allows a Plaintiff to proceed without stating necessary elements of a claim for defective product design or a failure to warn. On the contrary, Defendants cite at least one Seventh Circuit case, *Giles v. Wyeth, Inc.*, 556 F.3d 596, 600 (7th Cir. 2009), which affirmed that a plaintiff must allege a defendant knew or should of known of a dangerous propensity of a product, and one Northern District of Illinois case, *Tyler v. Boston Scientific Corp*., No. 17 C 9170, 2018 U.S. Dist. LEXIS 81362, at *6-7 (N.D. Ill. May 15, 2018), which stated that the plaintiff must allege a condition of the product made the product unreasonably dangerous in a design defect claim.  The Seventh Circuit and Northern District of Illinois cases analyzing claims of a defective design or the failure to warn under a theory of strict product liability look to Illinois law for the substantive elements required to state such state law claims.  Plaintiff's current Complaint does not comply with the pleading requirements for strict product liability claims as stated in the federal case law; and therefore, Counts II and III must be dismissed.

      **D.  Plaintiff Fails To Plead A Breach Of Express Warranty Claim**

Plaintiff does not address Defendants' argument that she failed to plead a breach of

warranty claim in that there is no allegation that the decedent was ever given or informed of the alleged misrepresentations or that the alleged misrepresentations were made to the decedent when he acquired the allegedly defective Nuon battery. Again, Plaintiff must be held to the pleading requirements of this Court. The Northern District of Illinois Courts have dismissed similar claims under a breach of warranty for failure to state that a decedent had knowledge of the warranty or was ever given the express warranty on a product. *See Berarov v. Archers-Daniels-Midland Co.*, 2019 U.S. Dist. LEXIS 10169 at *26-27 (N.D. Ill. Jan. 22, 2019) (dismissing breach of warranty claim for failing to allege a plausible claim as there were no allegations that plaintiff read or was told about the express warranties); *see also Kmak v. Sorin Group Deutschland GmbH*, Case No. 17 CV 4759, 2017 WL 8199974 at *5 (N.D. Ill. Dec. 12, 2017) (dismissing claim for breach of express warranty where plaintiff failed to allege "that she reviewed any manufacturer documents—not even brochures or advertisements—prior to use [or] the purchase [of the product]").

Further, Plaintiff's contention that Illinois law, which requires that an express warranty be attached to the Complaint, is not required here under the Federal Rules of Civil Procedure for stating a claim of breach of express warranty is entirely wrong. Plaintiff's response brief is replete with arguments that contain absolutely no basis in case law or any citation to cases in the Seventh Circuit. In fact, Northern District of Illinois Courts have dismissed claims for breach of express warranty where the plaintiff failed to attach the express warranty to the complaint, or, in the alternative, state the language of the express warranty in the Complaint. *See Smith v. BOC Group PLC*, 2001 U.S. Dist. LEXIS 5712, No. 00 C 7909, 2001 WL 477237 at * 6 (N.D. Ill. May 4, 2001) (holding breach of express warranty claim sufficient where alleged warranty terms were outlined in the complaint instead of attached to it); *see also R&L Grain Co. v. Chicago*

*Eastern Corp.*, 531 F. Supp. 201, 209 (N.D. Ill. 1981)(requiring that plaintiff amend complaint in part because plaintiff failed to specify whether an alleged express warranty was written or oral). Plaintiff's failure to explicitly state the express warranty or attach the express warranty to her Complaint is clearly insufficient, even under the liberal standard of notice pleading under the Federal Rules. *Leatherman v. Tarrant County Narcotics*, 507 U.S. 163, 168 (1993).

Therefore, Plaintiff's express warranty claim in Count IV should be dismissed because Plaintiff fails to plead the decedent was aware of any misrepresentation made by Defendants Batteries Plus and Ascent, because Plaintiff fails to include the language of the alleged express warranty in the Complaint, and because Plaintiff failed to attach any express warranty she claims was breached to the Complaint.

### E. Plaintiff's Fraudulent Misrepresentation Claims Do Not Meet The Pleading Requirements Under Federal Rule Of Civil Procedure 9

Defendant's Motion to Dismiss argues that the Plaintiff failed to plead with specificity, particularity and certainty what misrepresentations were made and when they were made. Plaintiff argues that FRCP 9 does not require that they plead these assertions. Though Defendants cite to Illinois case law regarding the pleading requirements of a fraudulent misrepresentation claims in their memorandum in support of their motion to dismiss, this case law is well-cited, acknowledged, and a prerequisite in many Seventh Circuit cases to bringing a claim for fraudulent misrepresentation. The Seventh Circuit in *Wigod v. Wells Fargo Bank, N.A.*, cited to Illinois case law and stated the elements of a fraudulent misrepresentation claim which are: "(1) [a] false statement of material fact[;] (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance." 673 F.3d 547, 569 (7th Cir. 2012) (*citing Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 847 (2009)).

Further, courts in the Seventh Circuit agree that "to meet the particularity requirements of Rule 9(b), a complaint must specify the identity of the person making the misrepresentation, the time, place, and content . . . and the method by which the misrepresentation was communicated." *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). The only caveat provided in the case law is that Rule 9(b) does not require a party "to demonstrate that a representation was indeed false." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Thus, Plaintiff's contentions are erroneous. The Seventh does require specificity in the pleading of a count for fraudulent misrepresentation, and Plaintiff's Complaint woefully fails to plead fraudulent misrepresentation under the requirements of FRCP 9 warranting dismissal of Count VI.

### F. Plaintiff's Count VII Brought Under The Illinois Consumer Fraud And Deceptive Business Practice Act Also Fails To Meet The Requirements Of Rule 9

Just as the Plaintiff failed to plead a count for fraudulent misrepresentation, Plaintiff fails to plead Count VI brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA") with sufficient allegations as required under FRCP 9. Plaintiff, for what must be the sixth assertion in her response brief, states that FRCP 9, like FRCP 8, does not require Plaintiff allege facts such as identifying the advertising or communication that was made to the decedent, allege that the decedent received, viewed, or heard the false representation, or allege specific facts regarding the "who, what, when, where, how" of the false representation. Again, Plaintiff cites no case law in support of her contention.

Contrary to Plaintiff's contention, claims based on deceptive practices under the Illinois Consumer Fraud Act sound in fraud and would be subject to Illinois law. Thus, when said claims are brought in federal court, the claims must be pled with particularity. *See* Fed. R. Civ. P. 9(b); *see also Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 883 (7th Cir. 2005); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (noting that Rule 9(b) requires that a plaintiff

alleging fraud allege "the who, what, when, where, and how" of the fraud).

Plaintiff generally states that the Defendants made false and misleading oral and written statements regarding their products. Plaintiff does not state which defendant made any specific statement to whom regarding the products alleged in the Complaint as defective. Plaintiff does not identify which statements made by Defendants Ascent and Batteries Plus were false, when Defendants Ascent and Batteries Plus made those statements, or who at Defendants Ascent and Batteries Plus made those statements. These statements are important because they would create a link between the Defendants' conduct and the decedent's injury. Without allegations supporting the claim of false representations, Plaintiff's claims are without a plausible link tying any communications to decedent's acquisition, and subsequent use, of the alleged battery or flashlight, and therefore the generally alleged oral and written statements cannot serve as the predicate for Plaintiff's ICFA claim. *See Schiesser v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 53180, at *18 (N.D. Ill. Apr. 6, 2017). Plaintiff's general allegations fail to satisfy Rule 9(b)'s particularity requirements for a claim under the ICFA, and therefore, Count VII must be dismissed.

### G. Plaintiff's Claim For Punitive Damages Should Be Dismissed Under Federal And Illinois Law

Plaintiff fails to plead a claim for punitive damages under Illinois or Federal law. Again, contrary to Plaintiff's assertion that the Court should only review Plaintiff's punitive damage claim under FRCP 8, Plaintiff is incorrect regarding the pleading requirements of her claims. When analyzing a claim of punitive damages for dismissal the Northern District of Illinois looks to Illinois law. *See Hinkle Engineering, Inc. v. 175 Jackson LLC*, 01 C 5078, 2001 U.S. Dist. LEXIS 17100, at *9 (N.D. Ill. Oct. 17, 2001) (citing *Hollowell v. Wilder Corp. of Delaware*, 318 Ill. App. 3d 984 (5th Dist. 2001). Punitive damages may be awarded if Plaintiff can show gross

negligence and a wanton disregard for the rights of others. *Hinkle*, 2001 U.S. Dist. LEXIS 17100, at *9. A plaintiff must allege, even in the Northern District of Illinois federal courts, that the defendant's conduct was so extreme as to warrant punitive damages. *Id*.

Plaintiff alleges no specific allegation or conduct on the part of Batteries Plus or Ascent that was willful, wanton, or outrageous in that it would support a claim for punitive damages. General allegations of intentional conduct are insufficient under Illinois law and not supported by any Northern District of Illinois or Seventh Circuit case. *Europlast Ltd. v. Oak Switch Systems, Inc.,* 10 F.3d 1266, 1276 (7th Cir. 1993) (citing *Cornell v. Langland*, 109 Ill. App. 3d 472 (1st Dist. 1982)); *Loitz v. Remington Arms*, 138 Ill. 2d 404 (1990) (punitive "damages can be awarded only for . . . conduct involving some element of outrage similar to that usually found in crime."). Plaintiff's generalized and conclusory allegations of potential acts by generally all of the Defendants are not enough to support a claim for punitive damages. Furthermore, Plaintiff supplies absolutely no case law supporting their contention that the punitive damages count is sufficient under the pleading standards laid out in FRCP 8. Therefore, Count IX of Plaintiff's Complaint for punitive damages must be dismissed.

### H. Count VIII, Based On A Claimed Loss Of Consortium, Should Be Dismissed For The Same Reasons Stated Above

Lastly, Count VIII, seeking recovery under theory of loss of consortium, which seeks to incorporate all of the causes of action filed for the decedent as brought by LeLyne Edens, fails to state a cause of action and should likewise be dismissed for the same reasons as set forth above.

### CONCLUSION

Plaintiff's response brief to Defendants' Motion to Dismiss provides no reasons why Plaintiff's claims meet the pleading requirements to state her claims under Federal law. This court should not allow Plaintiff to generally claim that her allegations meet the pleading

requirements of FRCP 8 without **any** case law support for each count. There is a great deal of case law, including the case law cited above and in Defendants' memorandum in support its Motion to Dismiss, that demonstrate that Plaintiff's claims should be dismissed under FRCP 12(b)(6).  Simply put, Plaintiff has failed to assert claims under Federal and Illinois law sufficient to withstand a motion to dismiss. Therefore for the reasons stated in this brief and Defendants' Ascent and Batteries Plus's memorandum in support of the Motion to Dismiss, the complaint, in its entirety, as against Defendants Ascent and Batteries Plus, should be dismissed.

Dated: December 6, 2019              Respectfully submitted,


                                     */s/ Amber N. Lukowicz*
                                     One of the Attorneys for the Defendants Batteries Plus Holding Corporation and Ascent Battery Supply, LLC



Glenn F. Fencl ARDC# 3126086
Amber N. Lukowicz ARDC# 6324266
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
Phone: (312) 372 0770
Fax: (312) 372-9818
fenclf@jbltd.com
lukowicza@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                          **s/ Amber N. Lukowicz**
                                          Amber N. Lukowicz; Bar Number: 6324266
One of the Attorneys for the Defendants Batteries Plus Holding Corporation and Ascent Battery Supply, LLC
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: lukowicza@jbltd.com