IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

LELYNE EDENS,

    Plaintiff,

v.

OLIGHT TECHNOLOGY CO., LTD., et al.

    Defendants.

No. 2:20-cv-02312-CSB-EIL

**DEFENDANT OLIGHT TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ISSUE JURISDICTIONAL DISCOVERY**

**I.   INTRODUCTION**

Defendant Olight Technology Co., Ltd. ("Olight Tech") opposes Plaintiff's motion for leave to issue jurisdictional discovery. Dkt. 65. Plaintiff's motion should be denied because it has not met the standard for jurisdictional discovery, which requires that Plaintiff must make a colorable showing that personal jurisdiction might exist over the defendant before jurisdictional discovery will be allowed. In this case, Plaintiff's motion relies entirely on current websites, with no evidence that those websites were in existence prior to the alleged accident. Further, as a matter of Seventh Circuit law, websites, alone, insufficient to establish personal jurisdiction.

Plaintiff incorrectly states that defense counsel had not responded to Plaintiff's inquiry as to whether Defendant opposes this motion. In fact defense counsel advised Plaintiff's counsel by email dated November 23, 2020 that Defendant would oppose Plaintiff's motion for leave to issue jurisdictional discovery.

## II.  LEGAL STANDARD

A plaintiff does not have an automatic right to jurisdictional discovery in every case. *Gilman Opco LLC v. Lanman Oil Co., Inc.*, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014). Rather, "it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000). The plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery is permitted. *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015). In other words, the plaintiff must advance "proof to a reasonable probability" of the facts necessary to establish personal jurisdiction. *Pentwater Equity Opps. Master Fund, Ltd. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.,* 2016 WL 6476541, at *1 (N.D. Ill. Nov. 2, 2016) (quoting *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir. 1996)) (internal quotation marks omitted).

Courts generally will grant jurisdictional discovery only if the plaintiff "can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *Gilman Opco LLC*, 2014 WL 1284499, at *6 (citation and internal quotation marks omitted). "[C]ourts will not permit discovery based only upon bare, attenuated, or unsupported assertions of personal jurisdiction or when a plaintiff's claim appears to be clearly frivolous." *Id*. (citation and internal quotation marks omitted).

In *Central States SE & SW Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000), the Court held that entitlement to jurisdictional discovery "distills down to whether the plaintiff has made a colorable showing that personal jurisdiction might exist over the defendant." (Dkt. 55 at 3-4). Under *Central States*, jurisdictional discovery is the exception, not the rule. *Id*. Moreover, the Seventh Circuit has cautioned that "[f]oreign nationals usually

should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Central States*, 230 F.3d at 946.

Plaintiff does not accurately represent the decision in *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775 (N.D. Ill. 2009), cited on page 2 of its motion. There, the *Ticketreserve* Court stated, "[a]t minimum, the plaintiff must establish a *prima facie* showing of personal jurisdiction before discovery will be permitted." *Id*. at 782. Plaintiff ignores this standard. Although the *Ticketreserve* Court also observed that "courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue," and that the "standard is low," it reiterated that "a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Id.*

Plaintiff is wrong when it states on page 3 of its motion that "the court must resolve any factual disputes in the plaintiff's favor." Where, as here, Olight has requested an evidentiary hearing in the event that this Court may find disputed issues of fact (Dkt. 63 at 2), "the plaintiff must establish jurisdiction by a preponderance of the evidence." *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014), quoting, *Purdue Res. Found. V. Sanofi-Synthelabo*, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

Olight agrees with Plaintiff that the Illinois long-arm statute stretches as far as the Due Process Clauses of the Illinois and federal Constitutions permit, and that the defendant must have the requisite "minimum contacts" in order to be subject to personal jurisdiction. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois permits the exercise of jurisdiction to the extent of the Due Process Clause. *See* 735 ILCS 5/2-209(c); *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013); *Tamburno v. Dworkin*, 601 F.3d 693, 700 (7th Cir.

2010) ("the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause").

### III. ARGUMENT

#### A. The First Amended Complaint ("FAC") Fails to Allege that the Product that Caused the Injury was Sold in Illinois

The only suit-related allegation relating to Illinois in the FAC is that Caleb Michael Joyner, a citizen of Indiana was allegedly injured in the parking lot of Lowe's home improvement store in Bradley, Illinois by the explosion of Nuon batteries in an Olight flashlight that "Mr. Joiner owned . . . for several years." *See* FAC ¶¶ 4,13-20, Dkt. 26.

Plaintiff alleges that Olight Tech is a Chinese corporation organized under the laws of the People's Republic of China with its principal place of business located in Shenzhen, China. *See* FAC at ¶ 8, Dkt. 26. Plaintiff does not allege that Olight Tech has any facilities in the United States or in Illinois. Plaintiff alleges that Olight Tech engaged in "manufacturing, designing, labeling, marketing, distributing, supplying and/or selling and/or placing into the stream of commerce, battery products, including the Olight flashlight Nuon batteries. . . ." FAC ¶139, Dkt. 26. Since Plaintiff does not allege that Olight Tech has any facilities in the United States or Illinois, the FAC pleads that all of the above-quoted alleged actions of Olight Tech occurred outside of the United States and outside of Illinois.

The FAC does not allege that Olight Tech sold or marketed the product at issue to the Plaintiff's decedent. In fact, nowhere in the FAC is there any allegation that Plaintiff's decedent purchased the Olight Tech flashlight or when he acquired possession of it. The FAC does not allege that the sale of the Olight Flashlight took place in Illinois and does not even allege that Plaintiff's decedent purchased the product at issue from Olight Tech.

4

All that the FAC alleges is that the "Olight flashlight was sold … at Amazon.com and other retailers." FAC at ¶15, Dkt. 26. Entirely lacking from the FAC is whether the flashlight-at-issue was sold by Olight Tech at Amazon.com at the time Plaintiff's decedent acquired the flashlight. Other than the bare allegation that the Olight flashlight was "sold online at Amazon.com and other retailers," Plaintiff pleads no facts relating to its "stream of commerce" theory of personal jurisdiction.

**B. Plaintiff's "Stream of Commerce" Theory Fails because No Allegations Support It**

The "stream of commerce" theory on which Plaintiff relies emanated from the Supreme Court decision in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980), where the Court stated, "The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Id.* at 297-298. However, in *World-Wide Volkswagen*, as here, the only contact with the forum state was that plaintiffs were injured there. The forum state was Oklahoma, where the plaintiffs were injured in an auto accident. Plaintiffs filed a product liability suit in Oklahoma against defendant auto dealers who had distributorships in New York, New Jersey and Connecticut, where the plaintiffs had purchased their automobile. As is the case here, the defendants had no dealerships or other facilities in the forum state. The Court held that Oklahoma did not have specific personal jurisdiction over the car company because it had "no 'contacts, ties or relations' within the State of Oklahoma." *Id.* at 299. Here, too, the product-at-issue was allegedly purchased outside of the forum state. This case is indistinguishable from *World-Wide Volkswagen.*

Similarly, in *J. McIntyre Machinery, Ltd. v. Nicastro,* 564 U.S. 873 (2011), the plaintiff injured his hand in New Jersey using a metal-shearing machine manufactured by defendant

McIntyre in England. *Id.* at 878. The machine was sold into the U.S. by an independent distributor who was not under McIntyre's control. *Id.* The Court held that the New Jersey court lacked specific personal jurisdiction over the defendant English manufacturer. *Id.* at 887. In a concurring opinion, Justice Breyer, joined by Justice Alito, observed, "[t]his Court has held that a single sale to a customer who takes an accident-causing product to a different State (where the accident takes place) is not a sufficient basis for asserting jurisdiction." *Id.* at 888; *see also Bradford Victor-Adams Mutual Ins. Co. v. Electrolux Home Prods., Inc.,* 2019 WL 3604594 (C.D. Ill. 2019) (Darrow, J.). *J. McIntyre* is also indistinguishable from this case.

     In product liability cases, the Seventh Circuit applies the stream of commerce theory only where the defendant "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state" and "the litigation arises from the contacts between the defendant, the state, and the litigation." *Morris v. Daimier Trucks North America, LLC*, 2020 WL 4436330 (S.D. Ill. 2020) (discussing Seventh Circuit authority); *JST Corp. v. Foxconn Interconnect Tech. Ltd.,* 965 F.3d 571, 575-576 (7th Cir. 2020) (Barrett, J.) (explaining that "the point of consumer sale remains relevant to the relationship between the defendant, the forum, and the consumer-injury litigation.")

     In this case, however, the stream of commerce theory does not provide a basis for jurisdiction because the "point of consumer sale" was demonstrably *not* in Illinois. In fact, the FAC pleads that Plaintiff's decedent was an Indiana resident. FAC ¶ 4. The FAC does not plead that Plaintiff's decedent purchased the flashlight at issue, or how Plaintiff's decedent acquired the flashlight. Thus, there is no basis in this case for arguing a stream of commerce theory based on the "point of consumer sale."

Moreover, as the Court stated in *Bristol Myers Squibb Co. v. Superior Court*, ___ U.S. ___, 137 S. Ct. 1773, 1781, 198 L.Ed.2d 395 (2017), "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." If there is "only an attenuated connection between [Plaintiff's] claims and the downstream sales in Illinois, then those claims cannot be adjudicated in [Illinois]." *J.S.T.*, 965 F.3d at 576.

In *Dreibelbeis v. Daesung Celtic Enersys Co. Ltd.*, 2018 WL 3141850 (N.D. Ind. 2018), an allegedly defective water heater manufactured by defendant Daesung, a South Korean company, allegedly caused a fire in Plaintiff's building. Plaintiff had purchased the Daesung water heater from a Menards store in the forum state (Indiana). Daesung granted a U.S. distributor the right to distribute Daesung water heaters in the United States, but did not control where those water heaters were distributed. Under those circumstances, the court dismissed the case for lack of personal jurisdiction.

In this case, Plaintiff fails to plead "sufficient factual matter" to state a plausible "stream of commerce" theory of personal jurisdiction. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Here, the bare allegations, "placing into the stream of commerce," and "the Olight flashlight was sold online," are conclusory and should not be taken as true for purposes of Olight Tech's motion to dismiss or for Plaintiff's motion. Moreover, demonstrating that a product is sold on the Internet does not establish a "stream of commerce" into Illinois. *See* section C.2., *infra*.

7

    **C.**     **Plaintiff's Factual Arguments are Insufficient to Establish a *Prima Facie* Case of Personal Jurisdiction based on a "Stream of Commerce"**

        **1.**     **Plaintiff's factual arguments are not alleged in the FAC and are not supported by declarations**

In paragraphs 11-21 spanning pages 4-7 of its motion, Plaintiff makes a number of factual allegations that are not grounded in the FAC. Those allegations should not be credited because they are not supported by a declaration. Even if the Court credited the unpled allegations in Plaintiff's motion, those allegations are not sufficient to create a *prima facie* showing of personal jurisdiction.

In paragraphs 12-21 of its motion, Plaintiff cites a number of Internet sites which have not been authenticated, lack foundation and would be inadmissible hearsay if presented to the Court. Fed. R. Evid. 901, 602, 802. "[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules." *U.S. v. Jackson*, 208 F.3d 633 , 637, 638 (7th Cir. 2000), quoting, *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp.2d 773, 775 (S.D. Texas 1999); *see also, Crawford v. Marion County Election Board*, 553 U.S. 181, 202, n.20 (2008) ("Supposition based on extensive Internet research is not an adequate substitute for admissible evidence subject to cross-examination. . . .").

        **2.**     **As a matter of law, Plaintiff's factual allegations are insufficient to allege a *prima facie* case of personal jurisdiction**

Even if this Court were to give evidentiary weight to the websites that Plaintiff describes in its brief, those websites are insufficient under Seventh Circuit law to establish a "stream of commerce" into Illinois sufficient to invoke personal jurisdiction. The Seventh Circuit has warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC*

*v. Ivanov*, 642 F.3d 555, 760 (7th Cir. 2011).  "Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market." *Id.* at 558-559.

"The interactivity of a website is also a poor proxy for adequate in-state contacts. * * * [T]he operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or 'minimum contacts') with the forum state itself, personal jurisdiction is not proper." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).  Moreover, "if having an interactive website were enough in situations like this one, there is no limiting principle—a plaintiff could sue everywhere. Such a result would violate the principles on which *Walden* and *Daimler* rest. Having an 'interactive website' (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend 'traditional notions of fair play and substantial justice.'" *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

In both *Advanced Tactical* and *be2*, the Seventh Circuit held that allegations of an interactive website, alone, did not satisfy the minimum contacts test.  In this case, the bare operation of those websites cited in Plaintiff's motion does not establish sufficient facts to satisfy Seventh Circuit and Supreme Court authority as to the elements necessary to establish personal jurisdiction based on a "stream of commerce."  Finally, Plaintiff's motion fails to establish that any of those websites were in operation prior to the date of the accident.  Thus, the websites are irrelevant for purposes of proving Plaintiff's stream of commerce theory.

9

### D.  Discovery Would Not Reveal Evidence Relevant to Personal Jurisdiction

Under the authorities discussed above, the jurisdictional discovery that Plaintiff seeks is not relevant to the jurisdictional issue as a matter of law.

Plaintiff contends that "[d]iscovery into the matters asserted in the Affidavit of Zhou is essential."  However, the Zhou Declaration states that Olight Tech is a Chinese corporation located in Shenzhen, China, is not registered to do business in Illinois, has no offices, facilities or physical presence in Illinois, has no employees in Illinois, does not own any property in Illinois, and designs, manufactures, tests, labels and packages its products in China, and does not target Illinois residents.  Dkt. 62-1.  The FAC does not allege otherwise, and indeed concedes that Olight Tech is a Chinese corporation.  FAC ¶ 6.

The only specific argument Plaintiff makes concerning jurisdictional discovery based on the Zhou Declaration is that "Olight Tech does not dispute that it sells the flashlight in question on Amazon.com."  Discovery of alleged sales on Amazon.com, however, would not yield evidence that is relevant to the personal jurisdictional issue.  Internet sales alone are insufficient to establish personal jurisdiction, even if those sales were made to the forum state.  *be2*, 642 F.3d at 558-560; *Advanced Tactical,* 751 F.3d at 803.

Moreover, even if Olight Tech flashlights had been sold on Amazon.com, the FAC does not allege that Plaintiff's decedent purchased those flashlights from Amazon.com, and it does not allege that Plaintiff's decedent purchased the flashlight in Illinois.  In fact, the FAC does not even allege that Plaintiff's decedent purchased the flashlight at all.  It alleges only that Plaintiff's decedent, an Indiana resident, "owned and used" the flashlight.  FAC ¶¶ 4, 16, Dkt. 26.

Further, the website pages that Plaintiff cites on pages 4-7 of its brief appear to be *current* pages, although Plaintiff's motion does not provide any dates.  Given that the alleged accident occurred in 2017, current website pages are not relevant.  If any website pages would even arguably

be relevant and admissible (which Olight Tech does not concede), it would be web pages in existence on the date that the flashlight at issue was purchased, a date that is neither pleaded nor provided in Plaintiff's motion.

Plaintiff seeks discovery "[b]ased on Olight's online presence." But as we have demonstrated, Olight's online presence is insufficient as a matter of law to establish a *prima facie* case of personal jurisdiction. *be2*, 642 F.3d at 558-560; *Advanced Tactical,* 751 F.3d at 803.

Plaintiff requests discovery "to inquire into the amount of products Olight sells to the State of Illinois and surrounding states, Olight's gross sales amounts to the United States, the amount of products it distributes through its warehouse in Georgia, its corporate structure for disseminating products to the United States, and other Matters relevant to Olight Tech's contacts with the state of Illinois." (Dkt. No. 65, ¶21) This information is irrelevant because it is unrelated to the date that Plaintiff's decedent allegedly purchased the flashlight-at-issue. Moreover, it is irrelevant because the FAC admits that the decedent resides in Indiana, not in Illinois. Thus, the only connection with Illinois is that the decedent was injured in Illinois, which under *WorldWide Volkswagen*, is not sufficient.

## IV.    CONCLUSION

For the reasons discussed above, Olight Tech objects to jurisdictional discovery, and respectfully submits that Plaintiff has failed to demonstrate that it would be entitled to jurisdictional discovery on this record. For the reasons set forth above, Olight Tech respectfully submits that Plaintiff's motion for leave to issue jurisdictional discovery should be denied.

Dated:  December 8, 2020

Respectfully submitted,

By */s/  Eric Cohen*
Eric C. Cohen
Ill. ARDC No. 0473685
Rimon P.C.
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Phone (984) 960-2860
Eric.cohen@rimonlaw.com

Jason Liang Xu (*admitted*)
DC Bar No. 980531
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone/Facsimile: (202) 470-2141
jason.xu@rimonlaw.com

*Attorneys for Defendant Olight Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 8, 2020.

<em>/s/ Eric Cohen</em><br>
Eric C. Cohen